## TINSLEY v. TREAT, UNITED STATES MARSHAL.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 369.   Argued December 3, 4, 1906.—Decided March 4, 1907.

A district judge of the United States on application to remove from the district where defendant is arrested to that where the offense is triable acts judicially and the provision of § 1014, Rev. Stat., that the proceedings are to be conducted agreeably to the usual mode of process in the State against offenders has no application to the inquiry on application for removal.

While in a removal proceeding under § 1014, Rev. Stat., an indictment constitutes *prima facie* evidence of probable cause it is not conclusive, and evidence offered by the defendant tending to show that no offense triable in the district to which removal is sought had been committed is admissible; and its exclusion is not mere error but the denial of a right secured under the Federal Constitution.

THE facts are stated in the opinion.

Mr. John J. Vertrees and Mr. John S. Miller, with whom Mr. Henry A. M. Smith, Mr. James C. Bradford, Mr. James P. Helm, Mr. Marcellus Green and Mr. Garner Wynn Green were on the brief, for appellants in this case and in numbers 370–379, argued simultaneously herewith: [1]

In *habeas corpus* removal proceedings instituted to prevent the removal of an "offender" under § 1014, Rev. Stat., when a certified copy of the indictment is the only evidence introduced by the Government to show the existence of probable cause, it is the right of the "offender" to present evidence that proves the absence of probable cause; that he is innocent of the offense charged in the indictment, or that the court has no jurisdiction.

This right exists also on the hearing before the judge of the district upon an application to him for an order of removal. *In re Doig,* 4 Fed. Rep. 194, 195; *In re Price,* 83 Fed. Rep. 830; *United States* v. *Pope,* Fed. Cases, No. 16,069; *In re Wood,* 95 Fed. Rep. 288; *United States* v. *Fowkes,* 49 Fed. Rep. 50; 53 Fed. Rep. 13; *In re Wolf,* 27 Fed. Rep. 606; *In re Greene,* 52 Fed. Rep. 104; *United States* v. *Greene,* 100 Fed. Rep. 941; *United States* v. *Lee,* 84 Fed. Rep. 626; *United States* v. *Greene,* 108 Fed. Rep. 816; *In re Dana,* 68 Fed. Rep. 886; *Ex parte Rickett,* 61 Fed. Rep. 203; *Price* v. *McCarty,* 89 Fed. Rep. 84; *United States* v. *Rodgers,* 23 Fed. Rep. 661; *United States* v. *Brawner,* 7 Fed. Rep. 86; *In re Buell,* 4 Fed. Cases, No. 2102; *United States* v. *Voltz,* Fed. Cases, No. 16,627; *United States* v. *Haskins,* Fed. Cases, No. 15,322; *United States* v. *Shepard,* Fed. Cases, No. 16,273; *In re Alexander,* Fed. Cases, No. 162; *In re Beshears,* 79 Fed. Rep. 70; *In re Terrill,* 51 Fed. Rep. 213; *In re Corning,* 51 Fed. Rep. 205.

For various questions involved in removals decided by this court, see *Horner* v. *United States,* 143 U. S. 207; *Greene*

[1] See p. 33, *post.*

v. *Henkel,* 183 U. S. 249; *Beavers* v. *Henkel,* 194 U. S. 73; *Benson* v. *Henkel,* 198 U. S. 1; *Hyde* v. *Shine,* 199 U. S. 62.

Text-writers sustain appellants' contention, Hughes' Crim. Proc., §§ 15–17, p. 29, and so does the Attorney-General of the United States. Ops. Atty. Gen., 1904, p. 3.

The question of jurisdiction under the Federal Constitution is one far-reaching and fundamental. Under the statute, the party accused is to be bound over for trial before such court of the United States as by law has cognizance of the offense. Under the Constitution, the only court of the United States which has cognizance is a court of the United States sitting and trying the case in the State and district wherein the crime shall have been committed. If, therefore, the application to the magistrate be to commit the prisoner for trial in a State and district in which the crime shall not have been committed, it is evident that the application would have to be refused. The injunctions of the law—constitutional and statutory—are imperative. The effect of an indictment found as proof of probable cause before the Commissioner has also been adjudicated by this court. See *Beavers* v. *Henkel,* 194 U. S. 73; *Hyde* v. *Shine,* 199 U. S. 84.

From the beginning of the Government the universal holding of the United States courts has been upon the question of innocence or guilt, that the indictment was only probative and *prima facie* and that the accused had the right to submit testimony in rebuttal of its effect as showing probable cause.

*A fortiori,* could its effect be no greater than merely *prima facie* and the party be entitled to rebut its effect by evidence to the contrary. The rule that a copy of the indictment, nothing else appearing, ought to be accepted as sufficient, is not only convenient for the Government, but does no injustice to the accused. In the absence of exculpatory evidence, a copy of the indictment may well be accepted as equivalent to an affidavit, as sufficient authority for removal. In that sense it is *prima facie* evidence of probable cause. It is treated as evidence, and as being sufficient under such circumstances;

. .but when it is said that there must be evidence of probable cause, it means that the court should be satisfied that there is evidence on which a jury may convict. *United States* v. *Fowkes,* 49 Fed. Rep. 52; .or at least proof furnishing good reasons to believe that the crime alleged has been committed by the accused.´ *United States* v. *Burr,* 25 Fed. Cas. No. 14,692a.ˊ

*Mr. Assistant Attorney General McReynolds* for appellees: The action· of the court below was correct. ·

In Virginia one indicted for crime is not entitled to a preliminary ..examination before being put . on . trial. Virginia Code Ann. (Pollard) 1904, § 4003 and note; § 4012; *Jones's case,* 86 Virginia, 661.

Before the District Judge 'no question was raised as to sufficiency of the indictment. After examination it was held valid by both judges below, and in view of their conclusion cannot be said to be obviously bad. In the present proceeding neither this nor the trial court should inquire with great particularity as to technicalities. Such points should· be considered and the legal sufficiency of the indictment determined only by the court in which it was found. *Benson* v. *Henkel,* 198 U. S. 1, 10.

No court on *habeas corpus* can be required to pass upon them in advance of a trial in the court of the indictment. *Horner* v. *United States,* 143 U. S. 577; *Riggins* v. *United States,* 199 U. S. 547.

Identity´was admitted and no extraordinary facts suggested to indicate bad faith or any peculiar hardships which would result from removal, and the examining judge decided it was his duty to direct the same.

One charged with an offense against the United States must be arrested and committed as though similarly charged with crime against the State. The duties of the Federal judge in reference to removal begin after the accused has been committed. and the language of the statute seems to make it obligatory upon him to direct a removal upon application.

It certainly does not in terms require him to hear proof and conduct an inquiry as to guilt or innocence. The removal of witnesses and offenders is put on the same basis. No doubt the Federal judge should inquire into the regularity of arrest and commitment and see that they harmonize with the law of the State; and in extraordinary cases possibly he might go further. If he finds the proceedings entirely regular he should issue the warrant. At most he has a certain discretion, to be sparingly exercised to prevent wrong, and not to be interfered with unless it be in cases of manifest abuse.

The object of § 1014 was to afford an expeditious mode for arresting and bringing one accused to trial under the ordinary safeguards prescribed by state law; and the questions preliminary to arrest and commitment were understood to be within the ability of a justice of the peace to decide. See *Benson* v. *Henkel,* 198 U. S. 1; *Hyde* v. *Shine,* 199 U. S. 62; *Benson* v. *McMahon,* 127 U. S. 457; *Ornelas* v. *Ruiz,* 161 U. S. 502; *In re Belknap,* 96 Fed. Rep. 614.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In May, 1906, the grand jury in the United States Circuit Court for the Middle District of Tennessee returned an indictment against thirty corporations, two partnerships, and twenty-five persons, as defendants. This indictment contained six counts. Generally speaking, the first, second, fourth and fifth charged the defendants with violating section 1 of the act of Congress approved July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies;" and the third and sixth counts charged them under section 5440 of the Revised Statutes. In July, 1906, the Government presented to the District Judge of the Eastern District of Virginia, at Richmond, a complaint made by Morgan Treat, United States Marshal, alleging that he believed James G. Tinsley stood indicted as aforesaid, and

annexing a certified copy of the indictment as a part of the complaint, and praying that Tinsley might "be arrested and imprisoned and removed or bailed, as the case may be, for trial before the said Circuit Court of the United States for the Middle District of Tennessee, and further dealt with according to law." Tinsley was arrested and taken directly before the district judge, who acted as committing magistrate as well as the judge to order removal. In the proceedings before the district judge, Tinsley admitted that he was one of the defendants named in the indictment. The Government relied on the certified copy of the indictment, and offered no evidence except that; and asked for an order to be made for Tinsley's commitment and removal forthwith.

The record of those proceedings states:

"And thereupon the defendant, J. G. Tinsley, offered himself as witness in his own behalf, and being about to be sworn, the United States, by its counsel, thereupon objected to the witness being sworn or to any testimony being given in rebuttal of the indictment in these proceedings, on the ground that the identity of the defendant being admitted, inasmuch as the indictment on its face charges offenses against the United States committed and triable in the jurisdiction in which the defendant stands indicted, no evidence is admissible here to impeach the indictment, and the order of commitment should be made without other proof.

"The defendant's counsel thereupon offered to prove by the defendant and other witnesses then and there present, that the Circuit Court for the Middle District of Tennessee had no jurisdiction over the person of said defendant touching the offenses charged in said indictment, in that defendant and said other witnesses would, if permitted, testify that defendant is, and has been for many years, a resident and citizen of the city of Richmond, State of Virginia, and that defendant never at any time, or at any place in the State of Tennessee, at the times charged in the indictment, did or performed, or was party to, or engaged in any act or thing in the said indict-

ment charged as having been done and performed in any way whatsoever by this defendant in the said State of Tennessee; nor has defendant done, or performed, or been engaged in, or a party to the same or any of them in any other place or places at any other time or times whatsoever.

"Thereupon counsel for the Government renewed its objections as aforesaid.

"After hearing counsel on both sides, the court announced its conclusions as follows:

" 'The conclusion reached by the court is that in a proceeding for the arrest and removal of persons charged with a violation of the laws of the United States pursuant to section 1014 of the Revised Statutes of the United States, before a United States District Judge, sitting in the State of Virginia, in which State there no longer exists the right of a preliminary examination upon a crime charged prior to the trial upon the merits, when said judge is called upon to act as well in the matter of the apprehension of such persons, as in their removal to the jurisdiction in which they have been indicted, that upon the government's presentation of a sufficient indictment regularly found by a grand jury in a court of the United States, properly charging the commission of an offense within the district in which such indictment is found, coupled with proof of the identity of the person indicted, it is its duty to properly bail such person for appearance before the court in which he is indicted, or cause him to be removed thereto.' "

It was then ruled that the testimony offered was inadmissible, and the District Judge ordered that the accused either give bail or be held for removal. Tinsley declined to give bond, a warrant directing removal to the Middle District of Tennessee was issued, and he remained in custody pending its execution. No objection was offered to the indictment at any time during the proceedings before the District Judge. . The District Judge should not have allowed himself to be controlled by the statutes of Virginia. In that commonwealth it appears to have been formerly required that after indict-

ment an examination should be had, but by subsequent legislation it was provided that where an indictment had been found, a *capias* should be issued for the arrest of the defendant, and no inquiry was to be made. But when there was no indictment a person arrested for an indictable offense must be taken before a magistrate for preliminary examination, and it was the magistrate's duty to inquire whether or not there was sufficient cause for charging the accused with the offense. Pollard's Annotated Virginia Code, §§ 3955, 3969, 4003; *Jones* v. *Commonwealth*, 86 Virginia, 661.

But, as hereinafter seen, the District Judge on application to remove acts judicially, and that part of section 1014 of the Revised Statutes of the United States which says that the proceedings are to be conducted "agreeably to the usual mode of process against offenders in such State," has no relation to the inquiry on application for removal.

Application was then made to the Circuit Court for writs of *habeas corpus* and certiorari, which were granted and due returns made. The petition alleged that Tinsley was unlawfully restrained of his liberty by the marshal, under color of authority of the United States by virtue of a warrant for removal claimed to have been issued under section 1014, Revised Statutes. It set forth in full the proceedings taken before the District Judge and the rulings and orders made during the hearing. It was charged that under and by virtue of clause 3, section 2, article 3, of the Constitution, and of the Sixth Amendment he was entitled to be tried, and could only be tried for any alleged offense against the United States in the State and district where the offenses charged in the indictment were committed; that the offenses specified in the indictment were not committed in the Middle District of Tennessee; that none of the acts supposed to have been engaged in by petitioner were done within that district; that the indictment stated no offense and was insufficient and void. It was further alleged that the warrant of removal was in violation of section 2 of article 3, of the Constitution

and of the Sixth Amendment; that the rulings of the District Judge, in holding the certified copy of the indictment conclusive and in refusing to permit the introduction of any evidence on behalf of petitioner, deprived him of rights secured by the Constitution and by section 1014, Revised Statutes; and that he was deprived of his liberty without due process of law.

At the hearing before the Circuit Court, in addition to the record of the proceedings before the District Judge, an offer was made to prove by witnesses the facts set forth in the petition, but the court did not admit the same, because it was held that the certified copy of the indictment, with proof of the identity of the party accused, sufficiently established the existence of probable cause.

In other words, the indictment was in effect held to be conclusive. The Circuit Judge said, it is true, that probable cause must be shown in order to obtain a removal, but he held that inasmuch as the copy of the indictment alone was regarded as sufficient evidence of probable cause in *Beavers* v. *Henkel,* 194 U. S. 73, it was sufficient in the present case. In that case, however, no evidence was introduced to overcome the *prima facie* case made by the indictment except that evidence was offered as to what passed in the grand jury room and rejected on that ground and not because it went to the merits.

Section 1014 of the Revised Statutes reads as follows:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law

has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case. And where any offender or witness is committed in any district other than that where the offense is 'to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

Obviously the first part of this section provides for the arrest of any offender against the United States wherever found and without reference to whether he has been indicted, but when he has been indicted in a district in another State than the district of arrest, then, after the offender has been committed. it becomes the duty of the District Judge, on inquiry, to issue a warrant of removal. And it has been repeatedly held that in such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. He must look into the indictment to ascertain whether an offense against the United States is charged, find whether there was probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction of the same. "The liberty of the citizen, and his general right to be tried in a tribunal or forum of his domicile, imposes upon the judge the duty of considering and passing upon those questions." Mr. Justice Jackson, then Circuit Judge, *Greene's Case,* 52 Fed. Rep. 104. In the language of Mr. Justice Brewer, delivering the opinion in *Beavers* v. *Henkel,* 194 U. S. 73, 83:

"It may be conceded that no such removal should be summarily and arbitrarily made. There are risks and burdens attending it which ought not to be needlessly cast upon any individual. These may not be serious in a removal from New York to Brooklyn, but might be if the removal was from San Francisco to New York. And statutory provisions

must be interpreted in the light of all that may be done under them. We must never forget that in all controversies, civil or criminal, between the Government and an individual the latter is entitled to reasonable protection. Such seems to have been the purpose of Congress in enacting section 1014, Rev. Stat., which requires that the order of removal be issued by the judge of the district in which the defendant is arrested. In other words, the removal is made a judicial, rather than a mere ministerial, act."

In *Greene* v. *Henkel*, 183 U. S. 249, Greene was indicted in the District Court of the United States for the Southern District of Georgia. He was arrested and taken before a commissioner in the State of New York. The commissioner held that the certified copy of the indictment was conclusive evidence of probable cause, and refused to hear any evidence on the part of the defendant; and thereupon application was made to the District Judge of the Southern District of New York for an order of removal. That judge held that the commissioner should have heard evidence, and remanded the case. Evidence was then taken before the commissioner, and he decided that there was probable cause. Application was again made to the District Judge for an order of removal, and he held that the evidence showed the existence of probable cause, and made the order accordingly. Greene thereupon presented his petition to the Circuit Court for a writ of *habeas corpus*, which was denied, and the case brought here on appeal. The evidence before the commissioner and before the District Judge was not annexed to the petition nor brought up on certiorari, so that it formed no part of the record in the *habeas corpus* case. We held that, in the absence of the evidence, we must assume that the finding of probable cause was sustained.

But it was insisted that the offense was only that which was contained in the indictment, and if the indictment were insufficient for any reason that then no offense was charged upon which removal could be had. This court, however,

ruled that the indictment did not preclude the Government from giving evidence of a certain and definite character concerning the commission of the offense and that the mere fact that there might be lacking in the indictment some averment of time or place or circumstance in order to render it free from technical defects would not prevent the removal if evidence were given on the hearing which supplied such defects and showed probable cause to believe the defendants guilty of the offense defectively stated in the indictment. Mr. Justice Peckham, in delivering the opinion, was careful to say that it was not held that where the indictment charged no offense against the United States or the evidence failed to show any, or, if it appeared that the offense charged was not committed or triable in the district to which the removal was sought, the judge would be justified in ordering the removal, because there would be no jurisdiction to commit or any to order the removal of the prisoner. "There must be some competent evidence to show that an offense has been committed over which the court in the other district had jurisdiction, and that the defendant is the individual named in the charge, and that there is probable cause for believing him guilty of the offense charged." On the facts of that case it was not found necessary to express an opinion upon the question whether the finding of an indictment was, in the proceeding under section 1014, conclusive evidence of the existence of probable cause for believing the defendant in the indictment guilty of the charge set forth. Although it may be said that if the indictment were conclusive upon the accused, it would be conclusive upon the Government also.

It was held in *Beavers* v. *Henkel*, 194 U. S. 73; *Benson* v. *Henkel*, 198 U. S. 1; *Hyde* v. *Shine*, 199 U. S. 62, as well as *Greene* v. *Henkel*, *supra*, that an indictment constituted *prima facie* evidence of probable cause, but not that it was conclusive.

We regard that question as specifically presented in the

present case and we hold that the indictment cannot be treated as conclusive under section 1014.

This being so, we are of opinion that the evidence offered should have been admitted. It is contended that that evidence was immaterial, and, if admitted, could not have affected the decision of either the District or Circuit Judge. Of course, if the indictment were conclusive, any evidence might be said to be immaterial, but if the indictment were only *prima facie*, then evidence tending to show that no offense triable in the Middle District of Tennessee had been committed by defendant in that district could not be regarded as immaterial.

The Constitution provides that "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the State where the said crimes shall have been committed," (Article III, section 2); and that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed," (Amendment VI); and in order that any one accused shall not be deprived of this constitutional right, the judge applied to to remove him from his domicile to a district in another State must find that there is probable cause for believing him to have committed the alleged offense and in such other district. And in doing this his decision does not determine the question of guilt any more than his view that the indictment is enough for the purpose of removal definitively determines its validity.

Appellant was entitled to the judgment of the District Judge as to the existence of probable cause on the evidence that might have been adduced, and even if the District Judge had thereupon determined that probable cause existed, and such determination could not be revised on *habeas corpus*, it is nevertheless true that we have no such decision here, and the order of removal cannot be sustained in its absence. Nor can the exclusion of the evidence offered be treated as

mere error, inasmuch as the ruling involved the denial of a right secured by statute under the Constitution.

This conclusion is fatal to the order and warrant of removal and requires a reversal of the judgment below and the discharge of appellant.

> *Final order reversed and cause remanded with directions to discharge appellant from custody under the order and warrant of removal without prejudice to a renewal of the application to remove.*

MR. JUSTICE HARLAN dissented.

MR. JUSTICE MOODY took no part in the disposition of the case.