CROSLAND v. DYSON, United States Marshal.

(Circuit Court of Appeals, Fifth Circuit. April 27, 1922.)

No. 3843.

1. Criminal law ⚖═242(7)—Evidence of indictment and identity of defendant held to authorize order of removal to another district for trial.

In a proceeding for the removal of defendant to another district, in which he had been indicted, for trial, where the indictment was produced and testimony of defendant's identity offered, there was sufficient evidence to sustain the order of removal.

2. Courts ⚖═337—Sufficient that state procedure followed, so far as it applied to proceedings for removal of defendant to another jurisdiction.

An order for defendant's commitment for removal to another district, where he had been indicted, for trial, was not invalid because the state laws relating to preliminary hearings and proceedings thereon were not followed, where they were followed so far as they applied to proceedings for removal under an indictment found in another jurisdiction.

3. Intoxicating liquors ⚖═17—Volstead Act is constitutional.

The Volstead Act is constitutional.

4. Criminal law ⚖═242(4)—Whether indictment open to motion to quash, or defective in form, not open in proceeding to remove to another district for trial.

Where an indictment found against defendant in another district substantially charges a crime against the United States, the questions whether it is open to a motion to quash, or to demurrer for defects in form, are for the court where the indictment is pending, and not for the court ordering defendant's removal to such other district for trial.

5. Habeas corpus ⚖═4—Matters of defense not determined in proceeding by one ordered removed to another district for trial.

While, on appeal in a habeas corpus proceeding by one committed for removal to another district in which he had been indicted, greater liberality is exercised than in the usual case of habeas corpus, the writ is not a substitute for a writ of error, and the petitioner cannot have his matters of defense determined thereon.

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Habeas corpus by John G. Crosland against Benjamin E. Dyson, United States Marshal for the Southern District of Florida. From a judgment denying the writ, petitioner appeals. Affirmed.

Redmond B. Gautier, of Miami, Fla., for appellant.

Wm. M. Gober, U. S. Atty., of Lakeland, Fla., Damon G. Yerkes and Maynard Ramsey, Asst. U. S. Attys., both of Jacksonville, Fla., and Frederic M. P. Pearse, Asst. U. S. Atty., of Newark, N. J., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The appellant, Crosland, a resident of Florida, had been indicted in the United States District Court for New Jersey, and, not being found in said district, an affidavit was made before J. M. Graham, a United States commissioner for the Southern district of Florida, for his commitment for removal from Florida to New Jersey for trial. After a hearing an order committing Crosland was made, and on further hearing before the United States District Judge a warrant for removal was ordered and signed by said judge. After the commitment by the commissioner, Crosland filed his petition to the United States District Court for the Southern District of Florida for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by said order of commitment. On a hearing the writ was denied. Crosland has prosecuted an appeal from this order to this court.

While a number of assignments of error are made, the decision of the points involved requires a ruling on only a few questions. The entire proceedings before the commissioner are in the record, and show a number of exceptions made before him to the affidavit filed, on the ground that it failed to comply with the laws of Florida relating to affidavits, warrants, and proceedings on preliminary hearings of persons accused of crime.

[1] In this case the affidavit, while informal, alleged that a violation of certain criminal laws of the United States had taken place at Atlantic City, N. J., upon which an indictment had been found in the District Court of New Jersey. Upon the hearing before the commissioner, such an indictment was produced, and testimony of the identity of the defendant offered. The record shows no testimony was offered at said hearing by the defendant, Crosland. We think the evidence offered before the commissioner was sufficient to sustain the order rendered by the commissioner. Haas v. Henkel, 216 U. S. 462, 481, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112.

[2] The objections that the proceedings failed to follow certain requirements of the Florida laws relating to preliminary hearings of persons accused of crime and the proceedings had thereon present no sufficient reason for holding the commitment invalid in the present case. We think that, so far as the committal procedure of Florida applied to proceedings for removal under an indictment found in another ju-

risdiction, they were followed. In a case where the entire proceedings were had before a District Judge, it was held:

" * * * That part of section 1014 of the Revised Statutes of the United States which says that the proceedings are to be conducted 'agreeably to the usual mode of process against offenders in such states,' has no relation to the inquiry on application for removal." Tinsley v. Treat, 205 U. S. 20, 27, 27 Sup. Ct. 430, 431 (51 L. Ed. 689).

[3] The objection that the Volstead Act (41 Stat. 305) is unconstitutional is without merit. National Prohibition Cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946.

[4] As to the allegation that the indictment is defective, we think that it charges substantially the commission of a crime against the United States. That it might be open to motion to quash, or to demurrer for defects in form, would not be sufficient. Such questions are for the court where the indictment is pending. Greene v. Henkel, 183 U. S. 249, 261, 22 Sup. Ct. 218, 46 L. Ed. 177; Benson v. Henkel, 198 U. S. 1, 10, 25 Sup. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 83, 25 Sup. Ct. 760, 50 L. Ed. 90.

[5] In this case the appeal is from the order of the District Court refusing to grant the writ of habeas corpus, and, while greater liberality has been exercised in cases of this character than in the usual case of habeas corpus, the writ of habeas corpus is not a substitute for a writ of error, and the petitioner cannot have determined thereon his matters of defense to the charge made. They are for decision by the trial court. Henry v. Henkel, 235 U. S. 219, 229, 35 Sup. Ct. 54, 59 L. Ed. 203.

We have carefully considered the assignments of error, and find none of them require a reversal of the judgment complained of.

Judgment affirmed.