**LOONEY v. ROMERO, U. S. Marshal.**

(Circuit Court of Appeals, Eighth Circuit. October 7, 1924.)

No. 6586.

1. **Criminal law** ⏚242(5)—**Indictment itself is prima facie evidence of probable cause in proceeding for removal from one district to another for trial.**

In habeas corpus proceeding to prevent removal from one federal district to another for trial, under indictment charging transportation of stolen automobile in interstate commerce, *held*, indictment itself was prima facie evidence of probable cause, and evidence tending to show any automobile was in fact stolen was unnecessary.

2. **Criminal law** ⏚242(7)—**Proof of identity and introduction of indictment establishes prima facie case for removal.**

Proof of identity of defendant as one accused in indictment, and introduction of indictment, establishes prima facie case for removal to another district for trial.

3. **Criminal law** ⏚242(4)—**Objection that indictment was insufficient under rules of court of district to which removal was sought held without merit.**

In habeas corpus proceeding to prevent removal from one federal district to another for trial under indictment, objection that indictment did not disclose names of witnesses who appeared before grand jury, as required by court of district to which removal was sought, is without merit, in absence of proof of rules or decisions to that effect from such court.

Appeal from the District Court of the United States for the District of New Mexico; Orie L. Phillips, Judge.

Habeas corpus proceeding by John Looney against Secundino Romero, United States Marshal for the District of New Mexico. From a judgment discharging writ, petitioner appeals. Affirmed.

William J. Barker, of Santa Fé, N. M., for appellant.

John W. Wilson, U. S. Atty., of Albuquerque, N. M. (H. S. Bowman, Asst. U. S. Atty., of Santa Fé, N. M., on the brief), for appellee.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

STONE, Circuit Judge. [1] This is an appeal from a judgment discharging a writ of habeas corpus filed by the appellant to prevent his removal to the Southern district of Illinois for trial under an indictment there charging him with having transported a stolen automobile in interstate commerce, knowing it to be stolen. Two points are here urged. The first is that there was no evidence of probable cause in that there was no evidence tending to show that any automobile was, in fact, stolen. The indictment was prima facie evidence of that fact. Gayon v. McCarthy, 252 U. S. 171, 173, 40 S. Ct. 244, 64 L. Ed. 513; Tinsley v. Treat, 205 U. S. 20, 31, 27 S. Ct. 430, 51 L. Ed. 689. This rule and the reason therefor are stated by Mr. Justice Brewer in Beavers v. Henkel, 194 U. S. 73, 84, 24 S. Ct. 605, 607 (48 L. Ed. 882) as follows:

"The thought is that no one shall be subjected to the burden and expense of a trial until there has been a prior inquiry and adjudication by a responsible tribunal that there is probable cause to believe him guilty. But the Constitution does not require two such inquiries and adjudications. The government, having once satisfied the provision for an inquiry and obtained an adjudication by the proper tribunal of the existence of probable cause, ought to be able without further litigation concerning that

fact to bring the party charged into court for trial. The existence of probable cause is not made more certain by two inquiries and two indictments. Within the spirit of the rule of giving full effect to the records and judicial proceedings of other courts, an indictment, found by the proper grand jury, should be accepted everywhere through the United States as at least prima facie evidence. of the existence of probable cause. And the place where such inquiry must be had and the decision of a grand jury obtained is the locality in which by the Constitution and laws the final trial must be had.

"While the indictment is prima facie evidence it is urged that there are substantial reasons why it should not be regarded as conclusive. An investigation before the grand jury, it is said, is generally ex parte —although sometimes witnesses in behalf of the defendant are heard by it—and the conclusion of such ex parte inquiry ought not to preclude the defendant from every defense, even the one that he was never within the state or district in which the crime is charged to have been committed, or authorize the government to summarily arrest him wherever he may be found, transport him perhaps far away from his home and subject him among strangers to the difficulties and expense of making his defense. It is unnecessary to definitely determine this question. It is sufficient for this case to decide, as we do, that the indictment is prima facie evidence of the existence of probable cause."

[2] There was ample evidence of the identity of the appellant as the one accused in the indictment. This proof of identity and introduction of the indictment establishes a prima facie case for removal. Gayon v. McCarthy, 252 U. S. 171, 173, 40 S. Ct. 244, 64 L. Ed. 513; Crosland v. Dyson, 280 Fed. 105 (5th C. C. A.); Rowe v. Boyle, 268 Fed. 809, 810 (9th C. C. A.). There was other evidence of probable cause introduced by the government. To some of this evidence the objection is made that it was hearsay. Be this as it may, all of that evidence may be disregarded and yet, there remains sufficient to make a prima facie case for removal. The position of the appellant at the hearing and his evidence was simply to the effect that he did not commit the crime. That, of course, is a matter to be tried out under the indictment.

[3] The second objection is that the indictment did not disclose the names of the witnesses who appeared before the grand jury, and that such disclosure was a require-

ment in the federal court for the Southern district of Illinois where the indictment was filed. To determine this objection, we need go no further than to say that no decisions, rules or rulings to that effect of the United States court for the Southern district of Illinois were offered before the trial judge or presented here.

This record reveals nothing but an effort by an accused man to delay being brought to trial.

The decree is affirmed and the mandate ordered issued forthwith.