### CHAPIN v. WALKER, U. S. Marshal.

(Circuit Court of Appeals, Fifth Circuit. November 23, 1925.)

No. 4539.

1. Habeas corpus ⇒92(1)—Rule as to rebuttal of evidence of probable cause afforded by indictment does not enable habeas corpus tribunal to try accused.

Rule that evidence of probable cause afforded by indictment may be rebutted by other evidence cannot be given effect of enabling a habeas corpus tribunal, passing on validity of removal order, to exercise functions of trial court.

2. Habeas corpus ⇒85(1)—Denial under oath of charges made does not overcome evidence of probable cause afforded by indictment.

Defendant's denial under oath of charges made against him is insufficient to overcome prima facie evidence of probable cause afforded by indictment, as affects validity of removal order.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

Habeas corpus proceeding by Dennis B. Chapin against D. A. Walker, United States Marshal for the Western District of Texas. From an order discharging the writ, petitioner appeals. Affirmed.

W. H. Lipscomb and Geo. F. Seideman, both of Fort Worth, Tex., and C. M. Chambers, of San Antonio, Tex., for appellant.

John D. Hartman, U. S. Atty., of El Paso, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus sued out by the appellant to obtain his release from custody under an order for his removal to the Southern district of California to answer an indictment found in that district charging him and several other persons with using the mails for the purpose of executing an alleged scheme to defraud persons named in the sale of lands, by alleged false representations concerning said lands and the title thereto. It was admitted that exhibits attached to the petition for the writ of habeas corpus included a true and correct statement of the evidence introduced in the removal proceeding.

In that proceeding the government introduced a certified copy of said indictment and other evidence. No question was raised as to the sufficiency of the indictment to charge the commission of a crime by the appellant, and it was admitted that the appellant was one of the accused in that indictment. As a witness the appellant denied all of the charges made against him in that indictment. His admissions on cross-examination and other evidence adduced showed that he was in Los Angeles, the scene of the transactions relied on as constituting or evidencing the crime charged, while those transactions were in progress; that while he was there at that time he, as grantor, executed conveyances of land to grantees who were influenced to purchase by fraudulent representations alleged; and that during that time he had dealings in regard to such conveyances with other persons charged in the indictment, who publicly made such fraudulent representations and used the mails in furtherance of the alleged scheme to defraud.

[1, 2] In the hearing on habeas corpus it was disclosed that by indictment in the court to which his removal was ordered the appellant was charged with a criminal offense, and that he was within the territorial jurisdiction of that court when the crime charged

against him is alleged to have been committed. The question whether he was or was not guilty of the offense charged was one for the determination of that court, which on no ground lacked jurisdiction requisite for such determination. The rule that evidence of probable cause afforded by an indictment may be rebutted by other evidence (Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689) cannot be given the effect of enabling a habeas corpus tribunal, in passing on the validity of a removal order, to exercise the functions of the trial court, which has jurisdiction to try the accused on the criminal charge made against him. Henry v. Henkel, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203. The appellant's denials under oath of his guilt were not enough to overcome the prima facie evidence afforded by the indictment of probable cause for believing him guilty of the offense charged, and to warrant a finding against the validity of the removal order.

The order appealed from is affirmed.