## UNITED STATES ex rel. NOURSE v. WHITE, U. S. Marshal, and six other cases.

(Circuit Court of Appeals, Seventh Circuit. February 15, 1926.)

Nos. 3623–3629.

Criminal law ⬅242(7)—Indictment is not conclusive evidence of probable cause in proceeding to remove defendant to another federal district for trial, and exclusion of evidence to rebut presumption was error (Rev. St. § 1014 [Comp. St. § 1674]).

Indictment is prima facie evidence of probable cause, in proceedings to remove defendants to another federal district for trial, under Rev. St. § 1014 (Comp. St. § 1674); but it is not conclusive, even if identity is conceded, and it was error to exclude evidence to rebut presumption.

Appeals from the District Court of the United States for the Eastern District of Wisconsin.

Habeas corpus by the United States, on the relation of Rupert A. Nourse against R. J. White, United States Marshal, to inquire into an order of the District Judge ordering relator's removal to another federal district for trial. From an order dismissing the writ, relator appeals. By stipulation, six other appeals were heard on the same record. Reversed and remanded, with directions.

Charles Evans Hughes, of New York City, for appellants.

William J. Donovan, Asst. Atty. Gen. (Russell Hardy, Sp. Asst. Atty. Gen., on the brief), for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. These seven appeals were by stipulation heard upon the same record, the applicable facts being the same in all. Appellants, residents of the Eastern district of Wisconsin, with other individuals and various corporations, were jointly indicted in the Northern district of Ohio for alleged violation of the Sherman Anti-Trust Act (Comp. St. §§ 8820 et seq.), and their removal to the Ohio district was undertaken. Hearing was had before the District Judge of their district, and on behalf of the government the indictment only was offered in evidence, and was received over objection of appellants. Thereupon appellants offered to make proof by their own testimony and by that of others in rebuttal of the prima facie probable cause, which the judge held that the evidence of the indictment afforded. Upon the government's objection it was held that the evidence was incompetent and the

witnesses were not permitted to testify, and the formal tender of proof made on behalf of appellants was rejected. Upon refusal of appellants to give bail, they were thereupon ordered into custody for removal, whereupon, on behalf of each appellant, petition for habeas corpus was sued out, to which appellee made return, setting up all that transpired at the hearing before the judge. The ground alleged in the several petitions was that the petitioner was denied opportunity at the hearing to show by evidence a want of probable cause of his guilt, and was thus denied his constitutional rights in such respect. After the hearing of the several writs of habeas corpus, the judge ordered them dismissed, and the petitioners remanded to the custody of the marshal. The appeals are from these final orders.

With the District Judge's action in admitting the indictment in evidence, and holding it to be prima facie showing of probable cause, we are in accord. But, identity being conceded, it is evident from the record that the judge regarded the indictment as irrebuttably establishing probable cause. This view is not sustained by the case of Tinsley v. Treat, 27 S. Ct. 430, 205 U. S. 20, 51 L. Ed. 689. It was there said, respecting the duty of a District Judge in the removal proceeding: "And it has been repeatedly held that in such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. He must look into the indictment to ascertain whether an offense against the United States is charged, find whether there was probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction of the same."

There, as here, after the indictment had been received in evidence, the defendant sought to present evidence to rebut the probable cause which the indictment primarily established. Cases were cited to the court to indicate that the indictment afforded prima facie evidence of probable cause, but it had not theretofore been determined whether evidence on the part of the accused to rebut this presumption could be admitted. In this situation the court said: "It was held in Beavers v. Henkel [24 S. Ct. 605] 194 U. S. 73 [48 L. Ed. 882], Benson v. Henkel [25 S. Ct. 569] 198 U. S. 1 [49 L. Ed. 919], and Hyde v. Shine [25 S. Ct. 760] 199 U. S. 62 [50 L. Ed. 90], as well as Greene v. Henkel, supra [22 S. Ct. 218, 183 U. S. 249, 46 L. Ed. 177], that an indictment constituted prima facie evidence of probable cause, but not that it was conclusive. We regard that ques-

tion as specifically presented in the present case, and we hold that the indictment cannot be treated as conclusive under section 1014 [Comp. St. § 1674]. This being so, we are of opinion that the evidence offered should have been admitted." The court held that, by exclusion of the rejected evidence, the constitutional rights of the petitioner had been invaded, and that he was entitled to discharge on habeas corpus.

This ruling has been followed without question. This court applied it in United States v. Black, 160 F. 431, 87 C. C. A. 383. Indeed, counsel for the government freely concede that the case controls, and that, if these appellants were denied the right of presenting on the hearing evidence to show want of probable cause, the order of the District Judge must be reversed. But they contend that the proof which was offered, if admitted, could not have overcome the prima facie case which the government made. But again the striking similarity in the essential facts of Tinsley v. Treat, 27 S. Ct. 430, 205 U. S. 20, 51 L. Ed. 689, comes to appellants' aid. There the offense whereon the indictment was predicated was similar to that here, and upon the hearing of the removal proceeding, after the indictment had been received in evidence, defendant's counsel offered to prove by the defendant and other witnesses that the court of the district in which the indictment was found had no jurisdiction of the defendant, and that the defendant and other witnesses would, if permitted, testify that the defendant never did the acts charged in the indictment at any time or place. To this the government objected, and the court sustained the objection. There, as here, it was claimed for the government that the evidence was immaterial and could not have served to show want of probable cause. In this situation the court said:

"It is contended that that evidence was immaterial, and, if admitted, could not have affected the decision of either the District or Circuit Judge. Of course, if the indictment were conclusive, any evidence might be said to be immaterial, but if the indictment were only prima facie, then evidence tending to show that no offense triable in the Middle district of Tennessee had been committed by defendant in that district could not be regarded as immaterial."

The offer of proof here made was surely not less specific or relevant than on the same issue in Tinsley v. Treat. That the evidence here offered would have been competent in defense on the trial of the cause cannot, as is contended, influence its competency or effect

on the preliminary issue of probable cause. There is no necessary relation between the two. Within reasonable limitations the offered evidence was proper as tending to inform the judge whether there was "such reasonable ground to suppose him guilty as to make it proper that he should be tried." See Collins v. Loisel, 42 S. Ct. 469, 259 U. S. 309, 66 L. Ed. 956.

Because of the refusal to hear any evidence for appellants which might tend to establish want of probable cause, the orders of dismissal of the writs and remandment of the several appellants are reversed, and the causes are remanded, with direction to discharge the several appellants from custody, without prejudice to a renewal of application to remove, and proceedings thereon not inconsistent herewith.