UNITED STATES ex rel. HAIM v. MATHUES, U. S. Marshal.

Circuit Court of Appeals, Third Circuit. April 25, 1927.

No. 3549.

1. Criminal law ⬳242(8)—One indicted in distant district is entitled to preliminary hearing to determine his identity and probable cause of charge before removal.

One accused of crime by indictment in distant district, though liable to trial wherever indicted, cannot be arbitrarily and summarily removed from district of residence, but is entitled to preliminary hearing before committing magistrate, to bring out probable cause of charge and identity of defendant.

2. Criminal law ⬳242(8)—In preliminary hearing to determine whether defendant shall be removed from district of residence for prosecution, magistrate's function is judicial.

In preliminary hearing before committing magistrate, to determine whether defendant shall be removed from district of residence for trial under indictment in another district, function of magistrate is not ministerial, but judicial.

3. Criminal law ⬳242(5)—In determining whether defendant shall be removed from district of residence for prosecution, indictment is prima facie evidence of probable cause for finding it.

In preliminary hearing before committing magistrate, to determine whether defendant should be removed from district of residence for trial under indictment in another district, indictment is itself prima facie evidence of probable cause for finding it, which may be rebutted.

4. Criminal law ⬳242(7)—Denial of guilt will not overcome showing of probable cause to defeat defendant's removal to another district for prosecution (Comp. St. § 1674).

In preliminary hearing before committing magistrate, to determine whether defendant shall be removed from district of residence for trial under indictment in another district, defendant's denial of guilt and evidence of good reputation will not overcome showing of probable cause to defeat removal, in view of Rev. St. § 1014 (Comp. St. § 1674), since question of guilt is for jury on final trial.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Petition for writ of habeas corpus by the United States, on the relation of Albert Haim, against W. Frank Mathues, United States Marshal. The petition was dismissed, and the petitioner appeals. Affirmed.

J. Paul MacElree and Benjamin M. Golder, both of Philadelphia, Pa., for appellant.

George W. Coles, U. S. Atty. and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa., and A. E. Bernsteen, of Cleveland, Ohio, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The single question on this appeal arose under section 1014 of the Revised Statutes (Comp. St. § 1674) and concerns the validity of an order for the arrest of Albert Haim, the appellant, in the district of his residence and his removal to a district in which he had been indicted.

The appellant, residing in the Eastern District of Pennsylvania, was indicted with many others by a grand jury in the North-

ern District of Ohio for conspiring to violate a law of the United States, namely, the National Prohibition Act (Comp. St. § 10138¼ et seq.). Desiring his removal to Ohio, the government instituted proceedings in Philadelphia before a United States Commissioner, and at the hearing offered a certified copy of the indictment in proof of probable cause and produced a witness who identified the appellant as one of the defendants against whom he had testified before the grand jury. On cross-examination counsel for the appellant sought to bring out the substance and source of the evidence the witness had given the grand jury but was prevented by an adverse ruling of the Commissioner. The appellant, in an effort to overcome the probable cause thus established, testified that he was innocent of the crime charged against him and produced evidence of his good reputation. The Commissioner entered an order of arrest and removal and the appellant at once presented a petition for a writ of habeas corpus to a judge of the District Court of the United States for the Eastern District of Pennsylvania, alleging that his commitment to and detention by the marshal was unlawful and praying that he be discharged from custody. The learned judge dismissed the petition and this appeal followed.

[1-4] The facts in this case raise no new question of law. Judges in this circuit have reviewed the law of the statute. United States v. Beiner (D. C.) 275 F. 704; United States ex rel. Tassell v. Mathues (C. C. A.) 11 F.(2d) 53; and the Supreme Court in Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689, reviewed the law as stated in previous decisions; and in Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, it discussed and restated the law of the Tinsley Case. This is the latest authoritative pronouncement on the subject and we think it rules the case at bar in all its aspects. The law of that case and of other cases there approved, in so far as pertinent to this one, is substantially as follows:

One accused of crime by indictment in a distant district, though liable to trial wherever indicted, cannot be arbitrarily and summarily removed from the district of his residence, but is entitled to a preliminary hearing. Such preliminary hearing is not a preliminary trial. It is had before a committing magistrate, who may be a judge, commissioner, mayor of a city, or justice of the peace, and it is only such as will bring out the probable cause of the charge and make certain the identity of the defendant. These are the two things that must be established before the accused can be lawfully removed. In such a hearing the function of the magistrate is not ministerial but is judicial in the limited sense indicated. He must pass on the question of identity—an issue purely of fact—and also on that of probable cause. The indictment is itself evidence that there was probable cause for finding it. Of this, however, the indictment is not conclusive. Tinsley v. Treat, 205 U. S. 20, 32, 27 S. Ct. 430, 51 L. Ed. 689; its evidential effect is only prima facie. Hence the accused may attack it as not charging a crime and therefore as not showing probable cause.

We have not been persuaded the indictment in this case is faulty in that respect. But the accused may further rebut the government's prima facie case by evidence, the exact nature of which in any given instance we, of course, do not undertake to prescribe. In the case at bar, however, the appellant's main attack on the government's prima facie case was by his own evidence denying his guilt and the evidence of others proving his good reputation. His denial of guilt was nothing more than a plea of not guilty and evidence of reputation did not aid it. The question whether he is guilty still remains and that question is triable not by a magistrate at a preliminary hearing but only by a jury at final trial. Collins v. Loisel, 259 U. S. 309, 314, 315, 42 S. Ct. 469, 66 L. Ed. 956; Hughes v. Gault, supra. A preliminary hearing is afforded the accused to ascertain the probable cause of the charge made against him as justification for an order for his arrest and removal, not to determine his guilt or innocence, and the law intends that "if probable cause is shown on the government's side [the magistrate] is not to set it aside because on the other evidence he believes the defendant innocent." Hughes v. Gault, supra. In other words, the only issue before the magistrate (after that of identity) is probable cause; the rest is for a jury. This, we understand, is the construction which the Supreme Court has given R. S. § 1014, in Hughes v. Gault, supra, where, as here, the accused denied his guilt and resisted removal on that evidence as rebutting the probable cause implicit in an indictment validly charging a crime.

The order denying the petition for writ of habeas corpus and remanding the relator to the custody of the United States Marshal for removal to the Eastern Division of the Northern District of Ohio is affirmed.