**REING v. UNITED STATES ex rel. GIRARD and three other cases.**

Nos. 6020–6023.

Circuit Court of Appeals, Third Circuit.

June 16, 1936.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., and George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. Norman Kirchgraber, of Buffalo, N. Y., of counsel), for appellant.

Michael Serody, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

On the basis of an indictment found by a grand jury of the Western District of New York, the appellees were detained in the custody of the appellant, on a warrant issued by the United States Commissioner, to await removal from the Eastern District of Pennsylvania.

This is an appeal from the order of the trial judge sustaining the petition for a writ of habeas corpus and denying the application for a warrant of removal. The only questions raised by the appeal, and which were answered in the negative by him, are whether the facts charged in the indictment constituted a crime, and whether there was probable cause supporting the indictment.

The applicable parts of the indictment charge that defendants " * * * did knowingly, wilfully, unlawfully, and feloniously conspire * * * to commit with intent to defraud the United States; to wit, the securing, withdrawing, and removing from a licensed industrial alcohol and denaturing plant tax free of certain alcohol subject to tax, for use for other than industrial purposes; falsely * * * executing * * * certain documents required; falsely procuring the execution * * * of documents required; knowingly, unlawfully and fraudulently delivering or causing to be delivered certain shipments of alcohol subject to tax * * to a person or persons other than the person to whom said alcohol had been consigned contrary to the Statutes. * * * "

The indictment, after alleging that Charles L. Noble, doing business under the assumed name of Clyde Products Company in Clyde, N. Y., had made various applications for denatured alcohol for use in the manufacture of white vinegar, further alleges that " * * * Charles L. Noble * * * did engage * * * the defendant, Overland Motor Freight Company to transport * * * from Philadelphia * * * to other points and places * * * unknown * * * quantities of the aforementioned denatured alcohol by means of motor trucks * * * owned and operated by said defendant * * *, it being engaged in the business of a common carrier and bonded and licensed to transport * * * denatured alcohol. * * * "

" * * * That * * * the defendants * * * did divert * * * the aforementioned amount of * * * alcohol * * * to wit, 101,580 wine gallons. * * * "

"That the defendants did fail and neglect to pay the tax * * * upon * * * alcohol diverted alleged. * * * "

After alleging that Noble and the government inspector executed false reports and documents, it alleges that:

" * * * The defendant, Overland Motor Freight Company * * * Joseph Mandl, being * * * president and director thereof, * * * Samschick, being * * * secretary and treasurer and a director * * *, and * * * Gir-

**626**

ard and Gellack, being employees, * * drivers of motor trucks * * * did make and cause to be made false and fictitious entries in the books and records * * * that purported to show that the corporation had transported from * * * Alcohol Company * * * to the plant of * * * Noble * * * 35,870 wine gallons * * * of alcohol, whereas in truth * * * the said defendants only transported * * * wine gallons * * to the plant of * * * Noble, * * * all of which was for the purpose of aiding in and concealing the diversions. * * * "

Under "overt acts," in respect to these appellees the indictment, after setting forth false reports and documents executed by Noble and the government inspector, alleges:

24. "That on * * * Noble caused to be shipped * * * via Overland Motor Freight Company, 40 barrels of denatured alcohol purporting to be consigned to said Charles L. Noble. * * *" (There are two more such acts alleged in the same manner.)

The indictment is under 26 U.S.C.A. §§ 1181 and 1183 (now 26 U.S.C.A. §§ 1441, 1693 (a); 18 U.S.C.A. § 388; 27 U.S.C.A. § 85; 26 U.S.C.A. § 485 (now 26 U.S.C.A. § 1322); section 3152 and section 3169, Revised Statutes (see 26 U.S.C.A. §§ 1790, 1828 (e).

18 U.S.C.A. § 388 makes delivery by a common carrier of liquor to any person other than the consignee a felony, "unless upon the written order in each instance of the bona fide consignee." Appellees claim that since the indictment did not negative the exception above, that, therefore, no crime was alleged.

■ The general rule is "that * * * the pleader * * * is bound to aver that the defendant is not within any of the exceptions contained in the enacting clause of the statute." Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 776, 42 L.Ed. 1162. Also, the general rule is that exceptions not contained in the enacting clause but in a subsequent section need not be negatived in the indictment, but are matters of defense. United States v. Cook, 17 Wall.(84 U.S.) 168, 21 L.Ed. 538. Since the defendants are charged with conspiracy and not the substantive crime, must the exception in 18 U.S.C.A. § 388 be negatived? That section deals only with the substantive crime, while 18 U.S.C.A. § 88 makes a conspiracy to defraud the United States a crime.

■ Under the general rule then it seems that it need not be negatived. This was held in United States v. Stone, 135 F. 392 (D.C.N.J.); Jelke v. United States, 255 F. 264, 279 (C.C.A.7). On this point we agree with the contention of the government.

■ It remains to determine whether there was probable cause. The defendants have the right to challenge a petition for removal upon the grounds that there is no probable cause for the indictment. Tinsley v. Treat, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689. It is a general rule that the indictment itself is evidence of probable cause, Tinsley v. Treat, supra, and unless positive evidence is produced to overcome that presumption, it will stand, Lefkowitz v. Schneider, 51 F.(2d) 685 (C.C.A.3). Also in that case—a removal case—this court said that the court would not pass on the sufficiency of the indictment and that the overt acts need not implicate all conspirators.

■ The question is whether the appellees had overcome the presumption. The trial judge found the lack of probable cause in the indictment itself, not in the rebuttal evidence, saying: "Nor is there in the indictment one word to support a finding of 'probable cause' for a prosecution for conspiracy." Since the indictment for a conspiracy need not set forth the offense which is the object of the conspiracy with the strictness of an indictment for the substantive offense; and since the court cannot pass on the sufficiency of the indictment if it charges a crime; and since the only rebuttal evidence was the character evidence, we cannot agree with the conclusion reached by the court below and, therefore, the case is reversed and the record remanded, with instructions to dismiss the writ of habeas corpus and direct the removal of the appellees.