IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40416
Summary Calendar
_____

JOHN EDWARD EASTER,

Plaintiff-Appellant,

versus

BRANDEE FERGUSON,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CV-712
- - - - - - - - - -
October 31, 1996

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:*

John Edward Easter, Texas prisoner # 622867, proceeding pro se and in forma pauperis (IFP), appeals the district court's grant of summary judgment, dismissing his 42 U.S.C. § 1983 complaint. Easter contends that he was deprived of his constitutional rights because he was prohibited from receiving publications that contained sexually explicit photographs.

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

After conducting a <u>de novo</u> review and applying the same standard as a district court, <u>Brewer v. Wilkinson</u>, 3 F.2d 816, 819-20 (5th Cir. 1993), we AFFIRM the judgment of the district court.  The limitation placed on Easter's First Amendment rights due to the censorship of the materials he requested did not amount to a constitutional violation.  <u>See</u> <u>Guajardo v. Estelle</u>, 580 F.2d 760, 761-62 (5th Cir. 1978); <u>see</u> <u>Thompson v. Patteson</u>, 985 F.2d 202 (5th Cir. 1993).  Easter did not demonstrate a violation of equal protection.  <u>Thompson</u>, 985 F.2d at 207.  Texas provides an adequate postdeprivation remedy for property-loss claims.  <u>Murphy v. Collins</u>, 26 F.3d 541, 543-44 (5th Cir. 1994).

Easter's blackmail and conspiracy claims are abandoned. <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993)(issues must be briefed to be preserved on appeal).  Any claims relating to September publications are also abandoned pursuant to Easter's request.

Easter's motion for a trial is DENIED.

AFFIRMED.