### UNITED STATES ex rel. HUGHES v. GAULT, United States Marshal.

(District Court, S. D. Iowa, Ottumwa Division. April 10, 1925.)

No. 124.

**1. Criminal law ☞242(1).**

Complete case for removal is established, if indictment is sufficient and identity of defendant is admitted or proven.

**2. Courts ☞96(1).**

District Judge must follow last announcement of Court of Appeals of circuit.

**3. Courts ☞96(1).**

Generally, if District Court decides case, decision is by comity binding on other District Courts until passed on by some higher court.

**4. Courts ☞96(1).**

Opinion of District Judge, after full consideration, holding indictment found in his district sufficient, will be considered final by judge of another District Court in removal proceedings under same indictment.

Habeas Corpus. Application by United States, on the relation of W. V. Hughes, for a writ against Roy B. Gault, as United States Marshal in and for the Southern District of Iowa. Petition denied, and order of removal directed to be prepared.

Parsons & Mills, of Des Moines, Iowa, Jaques, Tisdale & Jaques, of Ottumwa, Iowa, and Butler, Lamb, Foster & Pope, of Chicago, Ill., for plaintiff.

Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, for defendant.

WADE, District Judge. When we compare and analyze all the authorities submitted in the very complete briefs of counsel, the only real question in this case is the sufficiency of the indictment.

[1] If the indictment is sufficient, and the identity of the defendant is admitted or proven, a complete case for removal is established.

Language is found in the cases which seems to indicate that the defendant is entitled to a hearing upon the merits of the question of guilt or innocence, but this question was very definitely disposed of by the Circuit Court of Appeals in this Eighth Circuit in the recent case of Looney v. Romero, U. S. Marshal, 2 F.(2d) 22, in which it is said:

"Position of the appellant at the hearing and his evidence was simply to the effect that he did not commit the crime. That, of course, is a matter to be tried out under the indictment."

[2] It is my duty to follow this last announcement of the Court of Appeals of this circuit.

As to the indictment, my duty seems to be well expressed in the opinion of Judge McKeehan in U. S. v. Mathues, U. S. Marshal, 6 F.(2d) 149 (4 cases), in which he says:

"After a careful consideration of this case, I am clearly of opinion that the questions that exist regarding the sufficiency of this indictment on the three elements concerning which it is my duty to inquire are of such a doubtful and disputable nature that they belong to the trial court and the appellate tribunals which will or may review the proceedings there had. Demurrers to this indictment and motions to quash were filed by a number of the defendants before the trial court. Judge Westenhaver, in an opinion which I have examined, sustained the sufficiency of the indictment. It is urged that this opinion passed on the indictment simply as a pleading and not as a paper averring certain evidential facts. No doubt an indictment might be insufficient as a pleading for some reason not involved in an inquiry as to its sufficiency in an application for a warrant of removal. But it does not follow that the converse is true, and I think that, upon a demurrer or a motion to quash in a federal court, an indictment which is insufficient on any of the elements involved in an application for removal could not be sustained. It is further urged that the decision of the learned judge of the trial court is not binding upon this court. That is probably true, but it has very great weight here, as bearing on the probable sufficiency of this indictment. Having regard to the rule that doubtful issues of law and fact in proceedings of this nature are for the trial court, and having regard to the averments contained in this indictment and to Judge Westenhaver's opinion, I think this court would be taking a long and unjustifiable step in refusing to order the removal of these defendants on the ground that the indictment is clearly insufficient on any of the three elements involved in this inquiry. This case furnishes a good illustration of the importance of adherence to the rule that doubtful and disputable questions are for the trial court. Suppose, by way of illustration, that, on application for the removal of say twenty of the defendants, various District Judges decide that they shall be removed, and that various District Judges decide, as to another twenty, that the indictment is insufficient and they shall not be removed. Suppose, then, that a trial and conviction is had in the District Court for the Northern District of Ohio, and the conviction sustained by the Circuit Court of Appeals for the Sixth Circuit, and later by the Supreme Court of the United States. The net result would be that twenty defendants would have escaped trial, because various District Judges had made erroneous decisions as to the sufficiency of the indictment. It is important in the interest of protecting individual rights that no defendant shall be ordered removed for trial to another district, unless a qualified judicial officer shall determine, after examination of the indictment, that due cause for the removal exists. It is equally important, in the interest of an effective administration and enforcement of law, that every judge to whom application for a warrant of removal is made shall not undertake to make his own independent decision on doubtful and disputable questions, but that these shall be raised and determined in the trial court, and re-

viewed and determined finally by the appropriate superior judicial authority."

[3] So far as the indictment in this case is concerned, it is a general rule that, if a certain District Court decides a case, such decision is by comity binding upon other District Courts until it is passed upon by some higher court. This is true, though the first court decides only a principle involved, even though it arises in an entirely different case.

Now, this being generally true, the rule should have special application in a case like this, where the indictment has been reviewed fully by Judge Westenhaver, the trial judge, who says:

"In my opinion after due consideration to all objections urged, and examination of adjudged cases, the indictment is unexceptionable both as to form and substance."

[4] It seems to me that this should be final at this stage of the case. In fact, it would almost seem like audacity for me to hold contrary to the opinion of Judge Westenhaver, who gave the case most careful consideration, and before whom many of the defendants are to be tried, as the record now stands.

The petition for habeas corpus will be denied, and an order of removal will be prepared by the district attorney and submitted to counsel for the plaintiff for objections or suggestions.