## Case No. 162.

### In re ALEXANDER.

[1 Low. 530.][1]

District Court, D. Massachusetts. Jan., 1871.

CRIMINAL LAW—VENUE—WARRANT FOR REMOVAL —INDICTMENT AS EVIDENCE.

1. When a person is arrested here on a complaint charging him with a crime committed against the laws of the United States within another judicial district, the magistrate may lawfully receive in evidence a certified copy of an indictment found against him in that district.

    [Cited in U. S. v. Haskins, Case No. 15,322; U. S. v. Brawner, 7 Fed. Rep. 88; U. S. v. Rogers, 23 Fed. Rep. 661.]

2. Such evidence, if uncontrolled, is sufficient to authorize a warrant for his transfer for trial to the district in which the indictment was found.

    [Cited in U. S. v. Haskins. Case No. 15,322.]

Habeas corpus. The district attorney applied for a warrant to send the defendant [J. H. Alexander] to the district of Louisiana for trial on a criminal charge. The defendant was brought before a commissioner on a complaint, and the only evidence of probable cause was the certified copy of an indictment returned to the circuit court of the United States for the district of Louisiana. No evidence was offered by the defendant. By consent of both parties, the facts were brought before the judge, and spread upon the records of the court, in order to a decision whether the course pursued by the government in the case was the true one, and whether the defendant ought to be held for trial in the district of Louisiana. [Warrant allowed.]

LOWELL, District Judge. When an indictment has been found in one judicial district of the United States against a defendant not then within the jurisdiction, it has been much doubted whether the court in that district can issue its warrant to arrest the defendant wherever he may be found within the United States. The late Chief-Justice Taney, when attorney-general, gave it as his opinion that the power was possessed by the courts. 2 Op. Attys. Gen. 564. And this appears to be still the opinion of the office. 11 Op. Attys. Gen. 127. I am not aware of any decision of a court or judge upon the point, and it is not necessary to decide it now. That course not having been pursued, the next question is whether a copy of the indictment is sufficient evidence to authorize a committing magistrate out of the district to cause the accused

[1][Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

person to be bailed for trial in the district in which the indictment was found. The point taken by the defendant is, that he ought to be confronted with his witnesses before the magistrate, as well as at the final trial. The law of Massachusetts seems to require this, (Gen. St. c. 170, §§ 10, &c.,) and it is copied from Rev. St. c. 135. I have been unable to trace it further back than the Revised Statutes, and I am informed that the practice both here and in Maine is, and so far as is known, always has been, to receive affidavits and other written evidence in proper cases on these preliminary hearings before commissioners. Such a course was sanctioned by the supreme court of the United States in Bollman's Case, 4 Cranch, [S U. S.] 128; and this decision was acted on and explained by Chief-Justice Marshall in Burr's Trial, pp. 11, 15, 97, [Case No. 14,692.] Judge Conkling, in his Treatise, p. 631, represents this to be the true practice, and it has been usually followed, I believe, in the several circuits, as appears by the following cases. In re Clark, [Case No. 2,797;] U. S. v. Shepard, [Id. 16,-273.] So, too, in extradition between the several states under the constitution and act of congress, such evidence is admitted. The precise question undoubtedly is, what evidence was admitted in such cases in Massachusetts in 1789. U. S. v. Reid, 12 How. [53 U. S.] 361. But the law of Massachusetts may be presumed, in the absence of evidence to the contrary, to have been the same with that of New York and Virginia, and with the common law of England, of which the cases cited are evidence; and the practice conforms to this view. Although it has been usual both in England and America to examine witnesses before the committing magistrate in the presence of the accused, yet this has never been an essential prerequisite to holding an accused person for trial. He might always be arrested on the warrant of a coroner or of a court upon an ex parte examination before a coroner's jury or a grand jury. The indictment in the district in which it is found is an ex parte proceeding, but since it is found upon oath, and after the examination of witnesses, it has a presumption of validity. Before the commissioner it is only a piece of evidence, to be sure, and may be met and controlled, but when it stands by itself, and uncontradicted, it seems to be enough according to our practice to authorize the warrant. Warrant to issue.