### HASTINGS v. MURCHIE, U. S. Marshal.

(Circuit Court of Appeals, First Circuit. January 6, 1915.)

#### No. 1085.

1. CRIMINAL LAW ⬤⟹242—REMOVAL TO ANOTHER DISTRICT FOR TRIAL—JURISDICTION OF COMMISSIONER.

Under Rev. St. § 1014 (Comp. St. 1913, § 1674), providing that for any crime or offense against the United States the offender may, by any justice or judge of the United States, or by any commissioner of the Circuit Court to take bail, agreeably to the usual mode of process against offenders in the state where he may be found, be arrested and imprisoned or bailed for trial before such court of the United States as by law has cognizance of the offense, and that, where any offender is committed in any district other than that in which the offense is to be tried, it shall be the duty of the judge of the district where the offender is imprisoned to issue a warrant for his removal to the district where the trial is to be had, a commissioner has no authority to order the removal of an accused person to another district, but has authority only to issue a warrant committing him to the custody of the marshal for trial in the district to which he is to be removed, until a warrant for his removal is issued by the District Judge, or until he is otherwise dealt with, according to the law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. ⬤⟹242.]

2. CRIMINAL LAW ⬤⟹242—REMOVAL TO ANOTHER DISTRICT FOR TRIAL—PROCEEDINGS ON APPLICATION FOR REMOVAL—EVIDENCE.

Under Rev. St. U. S. § 1014 (Comp. St. 1913, § 1674), and the Massachusetts practice before committing magistrates, a person arrested for a crime against the United States, triable in another district, must, either before the commissioner on whose warrant he is arrested, or before the District Judge on application for his removal to such other district, be afforded an opportunity to present evidence to show a want of probable cause for believing him guilty, as the indictment is prima facie evidence only of probable cause, and the procedure contemplated by Rev. Laws Mass. c. 217, § 28, providing that a warrant, issued against a person indicted in one county, shall run throughout the state, and that, if the offender is found in another county than the one in which the indictment was obtained, he may be there apprehended, and section 29, providing that, if defendant requests to be taken before a magistrate of the county in which he is arrested for the purpose of entering into recognizance without a trial or examination, it shall be the duty of the officer to take him

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

before a magistrate of such county, is not the procedure referred to in section 1014.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. ☜242.]

Putnam, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Habeas corpus by Walter O. Hastings against Guy Murchie, U. S. Marshal. From a decree dismissing the petition, petitioner appeals. Reversed and remanded, with directions.

Robert G. Dodge, of Boston, Mass. (Storey, Thorndike, Palmer & Dodge, of Boston, Mass., on the brief), for appellant.

Asa P. French, U. S. Atty., of Boston, Mass. (Daniel A. Shea, Asst. U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

BINGHAM, Circuit Judge. The appellant, Walter O. Hastings, was indicted in the District Court for the District of New Jersey, at the November term, 1913, for knowingly and willfully soliciting, accepting, and receiving from the Erie Railroad Company a concession with respect to the transportation of certain merchandise in interstate commerce, whereby said merchandise was transported at a lower rate than the rate and charges lawfully applicable to said shipment as published, filed, and posted by said railroad company, and in violation of the federal statute commonly known as the Elkins Act, amended by section 2 of the Hepburn Act (34 Stat. at Large, 586 [Comp. St. 1913, § 8597]). On November 28, 1913, a complaint was filed at Boston, before the United States commissioner for the district of Massachusetts, wherein it was charged that Hastings had been indicted in the District Court of New Jersey for knowingly and willfully soliciting, accepting, and receiving a concession as aforesaid, with respect to the transportation of certain merchandise in interstate commerce, that he was beyond the jurisdiction of the District Court of that district, was in the district of Massachusetts, had never been held to answer the indictment, and was a fugitive from the justice of the district of New Jersey, and praying that a warrant issue for his apprehension, and that he be held to answer to the indictment. A warrant was issued by the commissioner, on which the appellant was apprehended and brought before him for hearing. At the hearing the government offered in evidence a certified copy of the indictment, together with a certified copy of a warrant and return of the marshal of the district of New Jersey showing that the appellant could not be found in that district. The appellant admitted that he was the person named in the indictment, that the indictment properly charged an offense against the United States, and that the District Court of New Jersey had jurisdiction of the offense charged. He offered evidence to show that he did not know the rate applicable to said merchandise; that he inquired of the Boston agent of the railroad company as to the rate applicable thereto, and learned from him that it was 44 cents for each 100 pounds;

and that, believing the same to be the true, lawful rate chargeable therefor, caused the merchandise to be transported at that rate. He also offered to show that for these and further reasons he was not guilty of the offense charged in the indictment, and that there was not probable cause for believing him guilty thereof. The commissioner rejected the offer of proof, and ruled, as a matter of law, that, inasmuch as the identity of the accused, the sufficiency of the indictment, and the jurisdiction of the court in which the indictment was found were admitted, probable cause to believe the prisoner guilty was conclusively established. He thereupon ordered the appellant to furnish bail for his appearance before the District Court for the District of New Jersey, and, upon his failure to do so, that he be committed to the custody of the respondent, a United States marshal for the district of Massachusetts, for removal to the district of New Jersey for trial on the indictment. The appellant forthwith petitioned the District Court for a writ of habeas corpus, alleging that the order of commitment was null and void, and in violation of his rights under the Constitution and laws of the United States.

A hearing was had in the District Court upon the petition for a writ of habeas corpus, at which the facts here stated were admitted; and the District Judge, being of the opinion that the ruling of the commissioner, rejecting the evidence offered by the appellant, was in accordance with the practice in many cases in that district, dismissed the petition, and this appeal was taken.

[1] The removal proceedings begun before the commissioner were brought under section 1014 of the Revised Statutes of the United States, which reads as follows:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of the circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case. And where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

It does not appear that an application was made to the District Judge for an order directing the removal of the appellant to the district of New Jersey, where the trial was to be had, or that the District Judge passed upon the question whether the accused should be removed to that district. It is agreed, however, that the commissioner made an order committing the appellant to the custody of the respondent for removal to the district of New Jersey for trial on the indictment. It is not contended, and we do not understand this order means, that the respondent was authorized to remove the accused to the district of New Jersey without first applying to the District Judge and obtaining a war-

rant directing him to do so, or that such has been the practice. The statute confers upon the commissioner no authority to order the removal of an accused person, but merely authority to issue a warrant committing him to the custody of the marshal for trial in the district to which he is to be removed, until a warrant for his removal is issued by the District Judge, or until he is otherwise dealt with according to law.

[2] It appears from the opinion of the District Court that it has been the practice in the Massachusetts district in "many cases" of this nature not to allow the accused to introduce evidence tending to show want of probable cause. But, if this is so, there is reason to doubt whether the course pursued has been in accordance with the practice in that district as customarily observed and practiced from an early date. In re Alexander, 1 Low. 530, Fed. Cas. No. 162; United States v. Pope, Fed. Cas. No. 16,069.

The case of In re Alexander, supra, was a removal case in which the meaning of the clause, "agreeably to the usual mode of process against offenders in such state," as found in section 1014 of the Revised Statutes, was involved. Judge Lowell, in discussing the question (1871) said:

"The point taken by the defendant is that he ought to be confronted with his witnesses before the magistrate, as well as at the final trial. The law of Massachusetts seems to require this (Gen. St. c. 170, § 10, et seq.), and it is copied from Rev. St. c. 135. I have been unable to trace it further back than the Revised Statutes, and I am informed that the practice, both here and in Maine, is, and, so far as is known, always has been, to receive affidavits and other written evidence in proper cases on these preliminary hearings before commissioners. Such a course was sanctioned by the Supreme Court of the United States in Bollman's Case, 4 Cranch, 128 [2 L. Ed. 554]; and this decision was acted on and explained by Chief Justice Marshall in Burr's Trial, pp. 11, 15, 97, Fed. Cas. No. 14,692. Judge Conkling, in his Treatise, p. 631, represents this to be the true practice, and it has been usually followed, I believe, in the several circuits, as appears by the following cases: In re Clark, Fed. Cas. No. 2,797; U. S. v. Shepard, Fed. Cas. No. 16,273. * * * The precise question undoubtedly is, What evidence was admitted in such cases in Massachusetts in 1789? U. S. v. Reid, 12 How. (53 U. S.) 361 [13 L. Ed. 1023]. But the law of Massachusetts may be presumed, in the absence of evidence to the contrary, to have been the same with that of New York and Virginia, and with the common law of England, of which the cases cited are evidence; and the practice conforms to this view. Although it has been usual, both in England and America, to examine witnesses before the committing magistrate in the presence of the accused, yet this has never been an essential prerequisite to holding an accused person for trial. He might always be arrested on the warrant of a coroner or of a court upon an ex parte examination before a coroner's jury or grand jury. The indictment in the district in which it is found is an ex parte proceeding, but since it is found upon oath, and after examination of witnesses, it has a presumption of validity. Before the commissioner it is only a piece of evidence, to be sure, and may be met and controlled, but when it stands by itself, and uncontradicted, it seems to be enough according to our practice to authorize the warrant."

And in United States v. Pope, supra, a decision rendered by Judge Lowell in 1878, it was said:

"The mode adopted to procure the attendance of a defendant, who is found out of the district where the offense is said to have been committed, is to apply to a commissioner or judge under Judiciary Act, § 33 (1 Stat. 91),

now re-enacted in Rev. St. § 1014, and produce before him the evidence of criminality precisely as if the defendant's crime was alleged to have been committed within the district. * * * The usual course is to produce either witnesses or affidavits in behalf of the United States. It has been seriously doubted whether a copy of an indictment is evidence in such an examination. I decided in Alexander's Case * * * that it is. This was a very convenient decision for the United States, and a sound one, but it rests rather on long usage than on any principle of law, because, generally speaking, an indictment is evidence of nothing but its own existence, unless there is some statute giving it a greater effect. It is but secondary evidence, after all, or rather a statement of the result of evidence, and the better practice is to give primary evidence, of criminality. * * * Congress not having seen fit to authorize a bench warrant to issue out of the court in which the indictment is found, it becomes the duty of the magistrate to examine the evidence carefully as in any domestic case."

It thus appears that in the Massachusetts district, in rendition hearings before a commissioner, it was not the practice, from 1798 to 1878, to confine the evidence to the indictment found in the district to which removal was sought, and that such an indictment, if offered on the question of probable cause, was received as prima facie evidence only, and could be met and controlled by other evidence.

In Re Dana (D. C.) 68 Fed. 886, 892, 893, Judge Addison Brown, in speaking of section 1014, says:

"The whole structure of this section, its provisions in regard to bail, recognizances, witnesses, and commitment, and the express provision that the proceeding shall be 'agreeably to the usual mode of process against offenders in such state,' show that the familiar common-law proceeding upon complaint for the arrest and commitment of offenders by committing magistrates was intended to be adopted and followed, subject to the provision adopting the procedure of the several states"; that the clause—"usual mode of process"—"must embrace the preliminary examination usual in the state, including the taking of evidence, depositions, and the examination of witnesses, and the duty of the magistrate in finding probable cause, because, aside from this clause, there is no rule on those subjects, and it cannot have been intended that the proceedings should be conducted arbitrarily, and without any rule at all"; that "in making this provision for an observance of the practice in use in the state where the arrest is made, it may be reasonably presumed that the intention of the Judiciary Act was to prevent the hateful appearance of employing summary and arbitrary methods of removal, and to avoid creating prejudice against the new government which would be likely to be engendered through courses of procedure to which the people of the several states were not accustomed, and against which they had just successfully fought."

The procedure authorized by sections 28 and 29, c. 217, R. L. Mass., is not analogous to that called for in section 1014. Section 28 provides that a warrant issued against a person indicted in one county shall run throughout the state, and that if the offender is found in another county than the one in which the indictment was obtained he may be there apprehended. And section 29 provides that, if the crime charged in the warrant is not punishable by death or imprisonment in the state prison, and the defendant requests to be taken before a magistrate of the county in which he is arrested for the purpose of entering into a recognizance "without a trial or examination," it shall be the duty of the officer to take him before a magistrate of that county for the purpose of giving bail. It is apparent that the procedure contemplated by these sections has no relation to hearings before committing magis-

trates, for it is expressly provided in the latter section that the magistrate to whom the application is made shall proceed without a trial or examination, and he is not authorized to commit, but simply to take bail.

In Tinsley v. Treat, 205 U. S. 20, 27, 29, 32, 34, 27 Sup. Ct. 430, 432 (51 L. Ed. 689) it was held:

> That the provision in section 1014, as to the "usual mode of process," etc., has relation only to the inquiry before the commissioner for the apprehension and detention of the accused. "It has no relation to the inquiry on application for removal" to the District Judge. When the offender against the United States "has been indicted, * * * in a district in another state than the district of arrest, then, after the offender has been committed, it becomes the duty of the District Judge, on inquiry, to issue a warrant of removal. * * * In such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. He must look into the indictment to ascertain whether an offense against the United States is charged, find whether there was probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction of the same. 'The liberty of the citizen, and his general right to be tried in a tribunal or forum of his domicile, imposes upon the judge the duty of considering and passing upon those questions.'"

It was also held in this case that the indictment was not conclusive, but only prima facie evidence of probable cause; that evidence tending to show that no offense triable in the district to which removal was sought had been committed by the accused in that district should be received; and that to decline to receive it "involved the denial of a right secured by statute under the Constitution." See, also, United States v. Black, 160 Fed. 431, 87 C. C. A. 383.

The government relies largely upon the decision in Beavers v. Henkel, 194 U. S. 73, 84, 85, 24 Sup. Ct. 605, 48 L. Ed. 882, to support the ruling of the commissioner that the New Jersey indictment was conclusive evidence of the existence of probable cause; but all that case decided was that the indictment was prima facie evidence of probable cause, and that it was unnecessary, on the facts presented, to determine whether it was or was not conclusive.

The case of Henry v. Henkel, 235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. ——, decided by the Supreme Court on November 30, 1914, does not take up the question here considered. It appears from the opinion that the accused in that case had a full hearing on the question of probable cause.

As the case stands, there was evidence from which the commissioner could find probable cause for the commitment and detention of the appellant. Whether this evidence would have been overcome, had the appellant been permitted to introduce the evidence which he offered before the commissioner is entirely problematical; but if he is afforded an opportunity to present the evidence, either before the commissioner or before the District Judge on application for removal, his rights will be fully preserved.

The decree of the District Court in this proceeding is reversed, and the case is remanded to that court, with directions to discharge the appellant unless he is afforded an opportunity, either before the commissioner, or on an application to the District Judge for his removal, to present evidence of the want of probable cause, if he so desires.

PUTNAM, Circuit Judge (dissenting).    Whatever may have been my individual impressions, they have been swept away by the broad expressions of the Supreme Court in Henry v. Henkel, 235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. ——, announced November 30, 1914.    These expressions are so broad that they go beyond the particular circumstances of Henry v. Henkel, and announce a general policy of the Supreme Court to which I am bound to submit, and to hold that we have no power to reverse in the present case.    The opinion fully justifies the broad expressions of the syllabus found in the report of the case. I will add that the uniform practice in the New England circuit has been as stated by the learned judge of the District Court in his opinion in this case.