### In re POTHIER.

#### Petition of CASE, U. S. Atty.

(District Court, Rhode Island. January 11, 1923.)

No. 3270.

1. **Criminal law ☞242(8)—Proceedings for removal to another federal district for trial; defenses.**

   In proceedings under Rev. St. § 1014 (Comp. St. § 1674), for removal of a person to another federal district for trial on an indictment there found, denial of an allegation of the indictment that the crime was committed on territory within the exclusive jurisdiction of the United States does not raise a question properly of the jurisdiction of the trial court, but goes to the merits, raising the question whether the act charged was a violation of federal law, which question the court, where the indictment was found has jurisdiction to try and determine.

2. **Criminal law ☞242(5)—Proceedings for removal to another federal district for trial.**

   The question whether the United States had acquired exclusive jurisdiction of the land where an alleged crime was committed as a military reservation prior to the time of the act charged *held* too uncertain on the evidence to be considered in proceedings for removal of the defendant for trial to overcome the prima facie case of probable cause made by the indictment.

On petition of Norman S. Case, United States Attorney, for warrant for removal of Roland R. Pothier to another district for trial. Warrant granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Norman S. Case, U. S. Atty., of Providence, R. I., in pro. per.
Davis G. Arnold, of Providence, R. I., for defendant.

BROWN, District Judge. This is a petition by the United States Attorney for this district for a warrant for removal of Roland R. Pothier to the Southern division of the Western district of Washington, pursuant to the provisions of section 1014, Rev. Stats. (section 1674, Comp. Stats.), for trial upon an indictment returned in the District Court of the United States for that district, charging that said Roland R. Pothier, on about the 25th day of October, A. D. 1918, "within and on lands theretofore acquired for the exclusive use of the United States, and within the exclusive jurisdiction thereof, and within the Southern division of the Western district of Washington, to wit, within and on the Camp Lewis military reservation," etc., did feloniously kill and murder one Alexander P. Cronkhite.

The main objection to granting the warrant is that the federal court of the district to which removal is sought has no jurisdiction.

[1] While it is true that in order to establish the crime against the United States it must appear that the place of its commission was "territory within the exclusive jurisdiction of the United States," yet the District Court where the indictment is pending has full jurisdiction to try and determine this fact, as well as other allegations of the indictment. The denial of this allegation as to the place of commission does not raise a question properly of the jurisdiction of the trial court, but goes to the merits, raising the question whether the act charged was a violation of federal law. Louie v. United States, 254 U. S. 548, 41 Sup. Ct. 188, 65 L. Ed. 399. In view of this late decision of the Supreme Court, it is unnecessary to cite the earlier cases in which this distinction was pointed out.

Though the evidence presented at the hearing seems to have been relied upon to show that the trial court would have no jurisdiction, we may consider also whether it overcomes the prima facie effect of the indictment upon the question of probable cause. Hastings v. Murchie, 219 Fed. 83, 88, 134 C. C. A. 1.

[2] The evidence presented at the hearing comprised in addition to the certified copy of the indictment, a large number of documents and the oral testimony of three witnesses, all relating to the question whether Camp Lewis was land "theretofore acquired for the exclusive use of the United States, and under the exclusive jurisdiction thereof." As to the other allegations no evidence was presented which affected the prima facie case. See Gayon v. McCarthy, 252 U. S. 171, 40 Sup. Ct. 244, 64 L. Ed. 513; Tinsley v. Treat, 205 U. S. 20, 31, 27 Sup. Ct. 430, 51 L. Ed. 689.

The defendant introduced a photostatic copy of a deed by Pierce county to the United States, dated October 1, 1919 (nearly a year after the alleged murder), purporting to convey certain lands to the United States for military uses, and also a copy of an act of the Legislature of Washington passed January 27, 1917, called Chapter 3, Laws Wash. 1917, constituting Pierce county, "as the arm and agency of the state,"

to condemn certain lands in that county, and to donate them to the United States for military purposes.

The argument of the defense is that by the terms of the statute the passing of the deed is a prerequisite to the exclusive jurisdiction of the United States, and that, as the deed postdates the time of the alleged murder, the United States did not then have exclusive jurisdiction over the lands conveyed by said deed. But the evidence shows also that before the passage of the deeds, and before the date of the alleged murder, Pierce county, acting as the arm and agent of the state, had acquired by condemnation, and had turned over to the United States military authorities, many tracts of land comprised within the Camp Lewis military reservation, which had been selected by a representative of the Secretary of War, and which, when donated to the United States, the Secretary of War had been authorized to accept. Buildings had been erected and the camp permanently occupied before January 29, 1918, and before July, 1918, there were 50,000 men in camp.

There is much evidence tending to show that as to a number of the tracts of land comprised in the camp there was, before the date of the alleged crime, a practical consummation of the donation, and that the agents of the county and of the United States had done all that it was necessary to do in order to vest title and exclusive jurisdiction in the United States, save the execution and recording of the deeds whereby the title of the United States should be evidenced.

The contention of the United States that the evidence of de facto exercise of exclusive jurisdiction is sufficient in itself to show probable cause cannot be disregarded, in view of the quære in Holt v. United States, 218 U. S. 245, 252, 31 Sup. Ct. 2, 6 (54 L. Ed. 1021, 20 Ann. Cas. 1138):

"The documents referred to are not before us, but they properly were introduced, and so far as we can see justified the finding of the jury, even if the evidence of the de facto exercise of exclusive jurisdiction was not enough, or if the United States was called on to try title in a murder case."

The United States Attorney urges that the expression "to be evidenced by the deed or deeds of Pierce county," etc., indicates that the deed was not to be the conveyance, but only evidence of a prior donation. The defendant, however, urges that the assent of the state to the exercise of legislative jurisdiction is limited to lands which have been conveyed by deed.

The United States Attorney also contends that the testimony and documents offered by defendant are insufficient, since the defendant has failed to prove that the deed described all the lands in Camp Lewis military reservation, and suggests that there are indications in the documentary evidence of the probability that some land not donated by Pierce county may be included within the reservation.

At the hearing the defendant's contentions as to legislative jurisdiction of the United States went to the whole reservation; some 70,000 acres, more or less. There was no agreement or definite evidence as to the exact locus in quo. It is, therefore, impracticable for this court to go into the details of the acquisition by the county, the transfer of possession to the United States, and the uses of the different tracts

which were from time to time added to the reservation. In the trial court, upon the establishment of the exact place of the alleged murder, many of the questions now suggested will disappear, and the inquiry be limited to a small area.

The jurisdiction of the trial court being clear, and there being many disputed questions of fact and law, it is evident that this court cannot properly assume the functions of the trial court. Henry v. Henkel, 235 U. S. 228, 229, 35 Sup. Ct. 54, 59 L. Ed. 203.

I am of the opinion that the defendant has failed to overcome the prima facie case made by the indictment, and that the evidence fails to show the want of probable cause. A warrant for removal may issue in accordance with the prayer of the petition.