## MAGNUS v. KEVILLE, U. S. Marshal.

(Circuit Court of Appeals, First Circuit. June 12, 1925.)

No. 1734.

Criminal law ⟨⟩242(5)—In removal proceedings, indictment is evidence of probable cause, and not merely ground for presumption, which disappears when countervailing evidence is introduced.

In removal proceedings, under Rev. St. § 1014 (Comp. St. § 1674), indictment is evidence of probable cause, and not merely ground for presumption, which would disappear as soon as countervailing evidence is offered.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Petition by John B. Magnus for writ of habeas corpus to be directed to William J. Keville, United States Marshal. From an order denying the petition, petitioner appeals. Affirmed.

Charles H. Innes, of Boston, Mass. (Innes, Cottrell & Myron, of Boston, Mass., on the brief), for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The petitioner, with four other persons, was indicted at the October term, 1922, of the federal District Court for Vermont, charged with having at Canaan, in said judicial district, unlawfully and forcibly assaulted, prevented, impeded, and· interfered with certain customs officers and collectors within and for said district in the execution of their official duties.

Thereafter, in January, 1923, a complaint was presented to a United States commissioner for the district of Massachusetts, charging that the petitioner had been indicted with others as aforesaid, and praying that he be apprehended in the Massachusetts district and held to answer to said indictment. The petitioner was arrested on the complaint and brought before the commissioner for hearing. At this hearing the only evidence introduced by the government was a certified copy of the indictment and testimony identifying the petitioner as one of the persons charged in the indictment. The government having rested its case, the petitioner offered evidence in his own behalf tending to show that neither he nor any of the other persons named as defendants in the indictment committed an assault· upon or obstructed the officers in the performance of their duties.

At the close of all the evidence the commissioner ruled as follows:

"Defendant indicted in Vermont. Copy of indictment offered. Defendant identified. Charged as alleged in indictment. Defendant put on testimony, two witnesses. Denied in detail that any assault was committed. I find that the denial does not overthrow the prima facie case of probable cause afforded by the indictment and proof of identity,"

—and ordered the petitioner committed to the custody of the marshal to await an order of removal to the district of Vermont for trial.

Thereafter the petitioner brought this petition and prayed for a writ of habeas corpus to test the legality of his commitment, setting out the foregoing facts. In the District Court the petition was denied, and this appeal taken.

The question sought to be raised in the District Court and on this appeal is that, although the petitioner is the person charged in the indictment and the indictment sufficiently charges a crime under the laws of the United States committed within the jurisdiction of the district of Vermont and the government's proof, in the absence of countervailing evidence, was sufficient to warrant a finding of probable cause, still it was not prima facie evidence of probable cause, but merely raised a prima facie presumption to that effect, which disappeared from the case, had no weight, and no probative value when evidence was offered against it, and that, inasmuch as the petitioner in this case offered evidence before the commissioner, comprising his own testimony and that of one other of the accused persons, to the effect that he did not commit an assault upon and did not obstruct the officers in the performance of their duties, there was no evidence before the commissioner on which he could find probable cause.

While an indictment is not strictly legal evidence of the facts therein charged, nevertheless, in removal proceedings, under section 1014 of the Revised Statutes (Comp. St. § 1674), by custom and long-continued usage it has been treated and held to be evidence of those facts warranting a finding of probable cause if· it properly charged a crime against the United States committed within the ·district to which removal was sought, and the identity of the person charged with crime was shown.

In Hastings v. Murchie, 219 F. 83, 134 C. C. A. 1, the only evidence introduced·by the government was that of identity and the indictment found in the district to which removal was sought. There the petitioner had been denied the right to introduce evidence before the commissioner to show that he was not guilty of the offense charged and that there was no probable cause for believing him guilty. In that state of the case we held "there was evidence from which the commissioner could find probable cause for the commitment and detention of the appellant," and said: "Whether this evidence would have been overcome, had the appellant been permitted to introduce the evidence which he offered before the commissioner is entirely problematical; but if he is afforded an opportunity to present the evidence, either before the commissioner or before the District Judge on application for removal, his rights will be fully preserved." It is evident we there regarded the indictment as evidence of probable cause and not merely as affording a presumption which would disappear as soon as countervailing evidence was offered.

See, also, to the same effect Hyde v. Shine,

199 U. S. 62, 84, 25 S. Ct. 760, 764 (50 L. Ed. 90), where the court said: "The production of the indictment made at least a prima facie case against the accused, and if the commissioner received evidence on his behalf it was for him to say whether upon the whole testimony there was proof of probable cause."

Furthermore the commissioner was not bound to believe the testimony of the petitioner and his codefendant. From his finding it is more probable that he did not believe their testimony than that he did, for he found that their denial did not overthrow the prima facie case of probable cause afforded by the indictment. See, also, Fitzgerald v. United States, 6 F.(2d) 156, decided by this court May 27, 1925.

The order of the District Court, dismissing the petition and denying the writ, is affirmed.