## STEEVES v. RODMAN, U. S. Marshal.

## UNITED STATES v. STEEVES.

(District Court, D. Rhode Island. January 15, 1926.)

Nos. 1761, 1762.

1. **Monopolies ⊕=31—Plan of trade association to exchange information held competent to prove intent, in removal proceeding for violating Sherman Act.**

Plan of trade association to exchange trade information between its members as to names of customers, prices, etc., *held* competent evidence of intent to violate Sherman Anti-Trust Act of July 2, 1890 (Comp. St. §§ 8820–8823, 8827–8830).

2. **Courts ⊕=96(1)—Criminal law ⊕=242(5)—In removal proceeding, due effect must be given to indictment, and to decisions upholding its sufficiency.**

In proceeding to remove accused to another district for trial, due effect must be given to indictment, and to decisions upholding its sufficiency.

3. **Criminal law ⊕=242(6)—Government, by offering evidence of details of plan of trade association, did not narrow or abandon charges of indictment.**

Government, by offering evidence, in proceeding to remove accused to another state for trial, of details of plan of trade association to exchange information between members, did not narrow or abandon charges in indictment; that plan and practice were capable of legal uses not meeting allegations of unlawful use.

4. **Criminal law ⊕=242(6)—Habeas corpus ⊕=104—Warrant of removal granted, and writ of habeas corpus refused, where indictment raised prima facie case, and rebutting evidence raised doubtful questions.**

Where indictment alleged facts prima facie warranting removal of accused to another district for trial, and defendant's evidence in rebuttal raised doubtful questions, *held*, that warrant of removal should be granted, and writ of habeas corpus refused.

At Law. Habeas corpus petition by Harry L. Steeves against William R. Rodman, as United States Marshal, and petition by the United States for warrant of removal of Harry L. Steeves to another district for trial. Petition for habeas corpus dismissed. Petition for warrant of removal granted.

Harold A. Andrews, Asst. U. S. Atty., of Providence.

Alexander L. Churchill, of Providence, R. I., for Steeves.

BROWN, District Judge. The United States, by petition No. 1762, seeks a warrant of removal of Harry L. Steeves to the Eastern Division of the Northern District of Ohio for trial upon an indictment returned in the District Court of the United States for that district, charging said Steeves and other persons and corporations with engaging in a combination in restraint of interstate trade and commerce in malleable iron castings, in violation of the Act of Congress of July 2, 1890, commonly called the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830).

It is stipulated that evidence taken by the United States commissioner (Petitioner's Exhibit No. 4 in Law No. 1761) shall be the evidence upon which the court shall decide the petition for removal. It was also agreed that the commissioner's finding and opinion should be regarded as part of Exhibit No. 4. The commissioner found the defendant probably guilty, supporting his finding by a careful statement of the proceedings before him and of his conclusions of fact and law.

Case 1761 is a petition for a writ of habeas corpus, stating that the sole authority for the detention of the petitioner is the order of commitment entered on the 16th day of November, 1925, by the United States commissioner, Henry C. Hart. The marshal's return shows that the mittimus of the commissioner is the cause of the detention of the petitioner for the writ of habeas corpus. A petition for a writ of certiorari to the commissioner, commanding him to certify to this court all proceedings before him, was filed, and also a stipulation that the transcript of proceedings, including the exhibits returned by the commissioner, be deemed a part of the evidence in the habeas corpus proceedings. There is also a typewritten record of the proceedings before this court.

The questions arising upon the petition for a warrant of removal and upon the proceedings in habeas corpus are substantially the same. The Circuit Court of Appeals for this circuit has determined upon an appeal from habeas corpus proceedings in the district of New Hampshire that the indictment was sufficient to warrant the removal of the individual defendants for trial. See Fitzgerald v. U. S., 6 F.(2d) 156, affirming the finding of Judge Morris of New Hampshire, citing also the opinion of Judge McKeehan of the District Court of the Eastern District of Pennsylvania in U. S. v. Mathues, 6 F. (2d) 149.

It is conceded by the petitioner that the decision of the Circuit Court of Appeals for this circuit establishes the proposition that the indictment constitutes a prima facie case of probable cause, and in the absence of rebutting evidence is a sufficient basis for an

order of removal. That case was decided upon the face of the indictment, no evidence being offered by the defendant. It is contended, however, that this decision is not controlling by reason of the fact that in the case at bar evidence was offered by the United States and evidence in rebuttal was presented by the defendant; that this evidence fully met every allegation of the indictment, and destroyed the presumption created by the indictment, and left the commissioner no alternative but to discharge the defendant. The defendant relies upon Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Hastings v. Murchie, 219 F. 83, 134 C. C. A. 1.

In the present case, in addition to the indictment, the United States has introduced both documentary and oral evidence, and there was an extended discussion before the commissioner, with which he deals in his opinion and findings, concerning what is called the Information Bureau of the American Malleable Castings Association, which provided for exchange of trade information between members of the association as to past transactions, giving lists of the names of customers, prices, etc. It also provided that: "Before quoting on any inquiries from other than his own listed customers, members are requested to secure from the association such information as the association may have"—a provision which the United States contends is appropriate to the purpose of excluding customers from getting independent offers from several manufacturers, and tending to afford them only offers at noncompetitive prices.

It is the defendant's contention that, at the close of all the evidence, the purpose and effect of the collection and distribution of information was left entirely to conjecture.

It is also contended that under the decisions in Maple Flooring Mfg. Ass'n v. U. S., 268 U. S. 563, 45 S. Ct. 578, 592, 69 L. Ed. 1093, and Cement Manufacturers' Protective Ass'n v. U. S., 268 U. S. 588, 45 S. Ct. 586, 592, 69 L. Ed. 1104, June 1, 1925, a similar system of exchanging trade information, though it tended to stabilize prices and production, and thus alter the character of competition in the industry, was not illegal. The commissioner considered these decisions, and found that they do not detract from the proposition that the operation of a plan which of necessity has a direct tendency to destroy competition is inherently illegal.

[1] It may be assumed that the practice of condemning trade associations merely upon the theory of "potentiality of evil" has received some check, and that when the object of the collection and exchange of information is a proper one, justified by legitimate uses, it should not be condemned, without some evidence which showed a use or intent to use the information for a forbidden purpose.

The plan itself, however, is competent evidence of the intention of its framers and supporters. Where a plan is disclosed, and but one purpose—and that an improper one—is obvious, then the plan itself is evidence of the unlawful intent of its framers. When, however, the information gathered and distributed is obviously capable of legitimate uses, and when it is as consistent with the hypothesis of innocence as with the hypothesis of guilt, it may be conceded that familiar rules forbid a finding of guilt, unless the prosecution shall sustain its burden by further evidence.

[2, 3] In determining the question of probable cause, however, we must in this case give due effect to the indictment itself, and to the decisions upholding its sufficiency. See Magnus v. Keville (C. C. A. 1st Circuit) 6 F. (2d) 157. The United States, by offering evidence of the details of the plan, has not narrowed or abandoned the charges made in the indictment, but has sought to show the reasonableness of the prosecution and the existence of a bona fide issue. Even if the plan and practice are capable of legitimate uses, this does not meet the allegations of unlawful use.

In Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232, it was said:

"As to the suggestion that the matters alleged to have been contemplated would not have constituted an offense if they had been done, it is enough to say that some of them conceivably might have been adequate to accomplish the result, and that the intent alleged would convert what on their face might be no more than ordinary acts of competition or the small dishonesties of trade into a conspiracy of wider scope, as has been explained more than once. Swift & Co. v. United States, 196 U. S. 375, 396 [25 S. Ct. 276, 49 L. Ed. 518]; Loewe v. Lawlor, 208 U. S. 274, 299 [28 S. Ct. 301, 52 L. Ed. 488, 13 Ann. Cas. 815]. Of course this fact calls for conscience and circumspection in prosecuting officers, lest by the unfounded charge of a wider purpose than the acts necessarily import they convert what at most would be small lo-

cal offenses into crimes under the statutes of the United States. But we cannot say, as was the case in United States v. Winslow, 227 U. S. 202, 218 [33 S. Ct. 253, 57 L. Ed. 481], that no intent could convert the proposed conduct into such a crime."

Upon an examination of the most recent cases, the Maple Flooring and Cement Cases, it is evident that there are in the present case points to be considered which were not dealt with in those cases.

[4] As the indictment alleges facts which the Circuit Court of Appeals has held to be prima facie evidence, as the case will involve a discrimination between various decisions of the Supreme Court and the present case, and as it is not entirely clear whether the association plan will be held to be classed with those cases in which a plan has escaped condemnation, or with those cases in which a plan has been condemned, I must hold that the defendant has not so clearly met the case of the government as to warrant the discharge of the defendant and the denial of the warrant of removal.

The following language from the decision of this court in Re Pothier (D. C.) 285 F. 632, at page 635, affirmed by Supreme Court in Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759, seems applicable:

"The jurisdiction of the trial court being clear, and there being many disputed questions of fact and law, it is evident that this court cannot properly assume the functions of the trial court." Henry v. Henkel, 235 U. S. 228, 229, 35 S. Ct. 54, 59 L. Ed. 203.

The writ of habeas corpus is dismissed. Petition for warrant of removal granted.