UNITED STATES ex rel. TASSELL et al. v. MATHUES, U. S. Marshal.

(Circuit Court of Appeals, Third Circuit. February 16, 1926.)

No. 3454.

1. Criminal law ⟾113—Defendant may be tried at any place where conspiracy took place, or overt act was committed.

Though defendant, as general proposition, should be tried by a jury of the vicinage, under law of conspiracy he may be tried at any place where conspiracy took place, or where overt act was done.

2. Criminal law ⟾242(6)—Doubtful questions as to indictment left for court, where indictment found, and defendant removed to that district.

A defendant should not be removed from one district to another for trial where indictment clearly fails to charge a crime; but, where only doubtful questions of law arise as to its sufficiency, final determination of them should be left to court in which it was found.

3. Criminal law ⟾242(4)—Removal from district for trial improper, if grand jury had no probable cause for finding indictment.

A defendant should not be removed for trial from district in which he resides, and which has jurisdiction over crime charged, to another district, also having jurisdiction, if it appears that grand jury which found the indictment did not have reasonable and probable cause for its action.

4. Criminal law ⟾242(5)—Indictment raises presumption of probable cause, warranting removal from district.

Finding of indictment raises presumption of probable cause, which, if crime is sufficiently charged and defendant identified, alone justifies order of removal, unless overcome by evidence adduced by defendant.

**5. Criminal law ⬤⟹242(7)—On government's making prima facie case for removal of accused from district, burden shifts to defendant.**

On government's making prima facie case for removal by proof of indictment charging crime and defendant's identity, burden shifts, and, unless defendant overcomes burden by positive evidence, order of removal will be allowed.

**6. Criminal law ⬤⟹242(8)—Defendant, in removal proceedings, must be afforded opportunity to show want of probable cause.**

Tribunal before which removal proceedings are pending must afford defendant opportunity to show that grand jury finding indictment did not have reasonable or probable cause therefor.

**7. Criminal law ⬤⟹243—Defendants held for removal, and appealing from order dismissing petition for habeas corpus, held not entitled to supersedeas.**

Where defendants, held for removal, at hearing in habeas corpus proceedings introduced no evidence to overcome prima facie showing of probable cause made by government's proof of indictment (identity being admitted), they were not entitled to supersedeas on appeal from order dismissing petition and remanding them to custody.

On Petition for Allowance of Supersedeas on Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Habeas corpus proceeding by the United States, on the relation of Barney Tassell and Samuel Tassell, against W. Frank Mathues, United States Marshal, wherein the relators appealed from an order dismissing the petition and remanding them to custody. On a petition to a judge of the Circuit Court of Appeals for allowance of supersedeas, which was denied by the District Judge. Application denied.

John W. Crolly, of Philadelphia, Pa., for appellants.

Henry B. Friedman, of Philadelphia, Pa., for appellee.

DAVIS, Circuit Judge. The defendants, Barney Tassell and Samuel Tassell, were indicted in the District Court of the United States for the Southern District of Ohio, Eastern Division, with a number of other defendants, for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). They were arrested and taken before a United States commissioner in the Eastern district of Pennsylvania under section 1014, R. S. (section 1674, Comp. St.), and, after hearing, the commissioner held them each in bail pending an application to the court for a warrant of removal.

Subsequently the defendants surrendered themselves to the United States marshal at Philadelphia and then obtained a writ of habeas corpus and were admitted to bail pending a hearing. After a hearing on the writ of habeas corpus before Judge Thompson, of the Eastern district of Pennsylvania, petition for the writ of habeas corpus was dismissed, and the relators remanded to the custody of the marshal pending the issuance of a warrant of removal to the District Court in Ohio, with leave to the defendants to enter bail for their appearance at that court on February 15, 1926.

An appeal from the order dismissing the petition and remanding the relators was taken to the United States Circuit Court of Appeals. The appeal was duly allowed by Judge Thompson, but after a full hearing he refused to allow a supersedeas pending the appeal, whereupon application was made to me for the allowance of a supersedeas.

The appeal is not before me, but in determining the question of a supersedeas the merits of the appeal must not be lost sight of. If the appeal raises questions of doubt as to the right of the government to remove the defendants, a supersedeas should be allowed, because, if it is denied, and the defendants are removed or enter bail for their appearance in the Southern district of Ohio, the issues involved in the appeal are largely academic.

[1, 2] While I think, as a general proposition, the defendant should be tried by a jury of the vicinage, the district in which he resides, yet under the law of conspiracy a defendant may be tried at any place where the conspiracy took place, or where an overt act to effect it was done. Without going into detail, there is no doubt in my opinion that the District Court in the Southern District of Ohio had jurisdiction of the crime which the government has attempted to charge in the indictment. If the indictment clearly fails to charge a crime, it is bad, and a defendant should not be removed to a district to answer the crime with which he has not been charged; but, where only doubtful questions of law arise as to the sufficiency of the indictment, final determination of them should be left to the court in which it was found. Benson v. Henkel, 25 S. Ct. 569, 198 U. S. 1, 10, 11, 49 L. Ed. 919; Haas v. Henkel, 30 S. Ct. 249, 216 U. S. 462, 54 L. Ed. 569, 17 Ann. Cas. 1112; Henry v. Henkel, 35 S. Ct. 54, 235 U. S. 219, 59 L. Ed. 203; Ex parte Littleton (D.

C.) 1 F.(2d) 752; Rodman v. Pothier, 44 S. Ct. 360, 264 U. S. 399, 68 L. Ed. 759. The indictment in the instant case does not raise in my mind sufficient doubts as to its legal sufficiency to justify the denial of the order of removal.

[3] A defendant should not be removed from the district in which he resides, which has jurisdiction over the crime charged, to another district, which also has jurisdiction, for trial, if it appears that the grand jury which found the indictment did not have reasonable and probable cause for its action. The question arises here as to what constitutes probable cause.

[4, 5] The general rule of law is that the finding of an indictment of itself raises a presumption of probable cause, which alone, if the crime is sufficiently charged and the defendant identified, is sufficient to justify an order of removal, unless the presumption is overcome by evidence on the part of the defendant. Upon this prima facie showing, the burden shifts from the plaintiff to the defendant, and, unless the defendant overcomes this burden by positive evidence, the order of removal will be allowed. Looney v. Romero (C. C. A.) 2 F.(2d) 22; United States v. Levy (D. C.) 3 F.(2d) 816; Hawkins v. Borthwick (C. C. A.) 5 F.(2d) 564; Magnus v. Keville (C. C. A.) 6 F.(2d) 157; Gayon v. McCarthy, 40 S. Ct. 244, 252 U. S. 171, 64 L. Ed. 513.

[6] The tribunal before which removal proceedings are pending must afford the defendant an opportunity to show, if he so desires, that the grand jury did not have reasonable and probable cause for finding the indictment. If this opportunity is denied him, he cannot bear the burden which the existence of the indictment places upon him. Therefore it is error to refuse him such an opportunity. Hastings v. Murchie, 219 F. 83, 134 C. C. A. 1.

[7] In the case at bar the defendants had ample opportunity to produce evidence showing that the grand jury in the Southern District of Ohio did not have reasonable and probable cause. They did not avail themselves of that opportunity. They apparently relied upon the alleged weakness of the government's case. The defendants said: "In view of the contention of the appellants that the government failed to establish cause for removal, no defense was offered." They therefore did not overcome the prima facie showing of probable cause established by the indictment.

There is no question as to the identity of the defendants. As I understand it, they admit their identity. Therefore I am of the opinion that the learned District Judge was justified in denying a supersedeas, which I am also constrained to deny.