## UNITED STATES v. ROTMAN.

## ROTMAN v. RODMAN, U. S. Marshal.

District Court, D. Rhode Island.   January 16, 1928.

Nos. 2033, 2027.

**1. Criminal law ⬅⬆242(8)—Duties of judge acting under statute providing for removal to district where trial is had are judicial (18 USCA § 591).**

Duties of District Judge acting under Rev. St. § 1014 (18 USCA § 591), relating to removal of offenders to district where trial is to be had, are judicial.

**2. Criminal law ⬅⬆242(4, 8)—On petition for removal of defendant, court must consider sufficiency of indictment, defendant's identity, jurisdiction of court to which removal is sought, and probable cause (18 USCA § 591).**

District Judge, acting under Rev. St. § 1014 (18 USCA § 591), providing for removal of offenders to district where trial is to be had, must consider whether indictment charges offense against United States, identity of person whose removal is sought as party indicted, whether court of district to which he is to be removed has jurisdiction to try him for offense charged, and whether there is probable cause to believe that he committed offense with which he is charged.

**3. Criminal law ⬅⬆242(7)—In removal proceedings, defendant held sufficiently identified as party named in indictment (18 USCA § 591).**

In proceeding for removal of defendant for trial to another district under Rev. St. § 1014 (18 USCA § 591), defendant *held* sufficiently identified as party named in indictment by testimony of witness who testified before grand jury in regard to defendant.

**4. Conspiracy ⬅⬆43(5)—Overt act alleged is sufficient to make indictment good, if done by one or more of alleged conspirators. (Cr. Code, § 37 [18 USCA § 88]).**

Under Criminal Code, § 37 (18 USCA § 88), overt act or acts alleged are sufficient to make indictment good if done by any one or more of those alleged to be conspirators.

**5. Criminal law ⬅⬆113—Doing overt act in district of Massachusetts in furtherance of alleged conspiracy was sufficient to vest jurisdiction of crimes alleged in United States court for that district (Tariff Act 1922, § 593 [a] [b], being 19 USCA §§ 496, 497; National Prohibition Act, tit. 2, § 3 [27 USCA § 12]; Cr. Code, § 37 [18 USCA § 88]).**

Where defendant and others were charged with conspiring to violate Tariff Act 1922, § 593 (a) (b), being 19 USCA §§ 496, 497, and National Prohibition Act, tit. 2, § 3 (27 USCA § 12), in violation of Criminal Code, § 37 (18 USCA § 88), the doing of an overt act in district of Massachusetts in furtherance of such alleged conspiracy was sufficient to vest jurisdiction of crimes alleged in United States court for that district.

**6. Criminal law ⬅⬆242(5)—Indictment charging offense committed within jurisdiction of court to which removal is sought is evidence on which finding of probable cause may be based (18 USCA § 591).**

In removal proceedings, under Rev. St. § 1014 (18 USCA § 591), an indictment charging adequately an offense committed within jurisdiction of court to which removal is sought is evidence on which finding of probable cause may be based.

**7. Criminal law ⬅⬆242(7)—In removal proceedings, government does not have burden of establishing probable guilt of defendant irrespective of presumption raised by indictment (18 USCA § 591).**

In proceedings for removal of defendant to another district for trial, under Rev. St. § 1014 (18 USCA § 591), government does not have burden of establishing probable guilt of defendant, irrespective of any presumption raised by, or evidentiary value of, indictment itself but District Court may consider evidence presented which tends to counteract evidentiary value of indictment, to end that palpable injustice may be avoided by withholding warrant of removal in case where all evidence indicates there had been no probable cause or warrant for indictment.

At Law. Petition by the United States for a warrant of removal of Morris Rotman to the District of Massachusetts for trial on an indictment charging Rotman and others with conspiring to violate the Tariff Act 1922, § 593 (a) (b), and National Prohibition Act, tit. 2, § 3, and petition by Morris Rotman against William R. Rodman, United States Marshal, for a writ of habeas corpus. Petitions were heard together. Writ of habeas corpus dismissed, and petition for warrant of removal granted.

Fred B. Perkins, Asst. U. S. Atty., of Providence, R. I., for the United States.

Peter W. McKiernan, of Providence, R. I., for Rotman.

LETTS, District Judge.   The United States, by petition No. 2033, seeks a warrant of removal of Morris Rotman to the district of Massachusetts for trial upon an indictment returned in the District Court of the United States for that district, charging said Rotman, and other persons, with conspiring to violate section 593 (a) and (b) of the Act of September 21, 1922 (19 USCA §§ 496, 497), known as the "Tariff Act of 1922," and section 3 of title 2 of the Act of October 28, 1919, entitled the "National Prohibition Act" (27 USCA § 12).

By agreement between counsel, the petition for removal and the hearing upon defendant's petition No. 2027 for a writ of habeas corpus were heard together, and the record as presented treated as the record of

each of said causes in so far as the same is respectively relevant in connection therewith. This record consists of a certified copy of the indictment in question, the findings of the commissioner, and a transcript of the testimony which was previously taken at a hearing before the United States commissioner. The questions arising upon the petition for a warrant of removal and upon the proceedings in habeas corpus are substantially the same.

[1, 2] These questions are succinctly set forth in the opinion of the court in the case of United States v. Hecht (C. C. A.) 11 F. (2d) 128, 132, as follows:

"The duties of a District Judge, acting under section 1014 [18 USCA § 591], are not ministerial, but judicial. Before issuing his warrant for the defendant's removal, he must consider four things:

"(1) That the indictment charges an offense against the United States.

"(2) The identity of the person whose removal is sought with the party indicted.

"(3) That the court of the district to which he is to be removed has jurisdiction to try him for the offense charged.

"(4) That there is probable cause to believe that he committed the offense with which he is charged."

Considering these several issues in the order stated, it is clear that the indictment alleges a conspiracy to commit acts in violation of the laws of the United States, and is sufficient in form and substance to constitute a crime under section 37 of the Criminal Code (18 USCA § 88).

[3] The defendant contends that his identity with the Morris Rotman named in the indictment has not been established. A perusal of the testimony taken at the previous hearing before the United States commissioner removes any reasonable doubt upon that score. The testimony given by witness Sakol, while perhaps vague and reluctant at certain points, embraces enough, by way of statements and admission, to convince one that he did testify before the grand jury and testified in regard to Morris Rotman and that the defendant Morris Rotman is the same person as the one in respect to whom his testimony was given. This conclusion is substantially bolstered and affirmed by the testimony of Customs Officer McKenna and Assistant United States Attorney Hubert C. Thompson.

This court finds that the defendant, Morris Rotman, named in the petition for the warrant of removal is the same Morris Rotman named in said indictment.

[4, 5] The third question to be considered is the matter of the jurisdiction of the United States court for the district of Massachusetts. To deal with this question, little more is required than to bear in mind that the indictment charges a conspiracy as between the defendant, Morris Rotman, and the other persons named in said indictment, and that it appears therein that certain of the persons alleged to be coconspirators with the defendant and in furtherance of the alleged conspiracy and to effect the objects thereof "at said Boston, in the district of Massachusetts, on the 6th day of July, in the year 1926, did bring into said Boston, alongside a wharf therein, the steamship Cretan, the said steamship having on board as cargo 500 bales, more or less, of waste paper and 80,000 gallons, more or less, of foreign alcohol." It is, of course, elementary that the overt act or acts alleged are sufficient to make the indictment good if done by any one or more of those alleged to be coconspirators and that the doing of an overt act in the district of Massachusetts in furtherance of such conspiracy would be sufficient to vest jurisdiction of the crime alleged in the United States court for that district.

We now come to the question of whether or not there is probable cause to believe that the defendant committed the offense with which he is charged.

[6] The Circuit Court of Appeals for this circuit, in harmony with the rule now generally accepted, has undisputedly determined that in removal proceedings an indictment which adequately charges an offense committed within the jurisdiction of the court to which removal is sought is evidence on which the finding of probable cause may be based. Fitzgerald v. United States, 6 F.(2d) 157.

[7] The defendant in this case seems to contend that the decision of the court in United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, imposes upon the government in the instant case the burden of establishing the probable guilt of the defendant, irrespective of any presumption raised by, or evidentiary value of, the indictment itself. It is not believed that such was intended to be the scope or effect of the decision in the Gault Case, but rather that it was intended to leave the door open to the District Court upon hearing the proceedings for removal to consider any evidence presented which tended to counteract the evidentiary value of the indictment, to the end that palpable injustice may be avoided by withholding the warrant of removal in a case where all the evidence would indicate that there had been no probable cause or warrant for an indictment being returned against a given defendant.

... In the case at bar, it is contended by the defendant that, the government having introduced testimony bearing upon the connection of the defendant with the alleged conspiracy, through one Sakol, and not having by that testimony established the defendant's participation therein, the warrant of removal should be denied. Such is not the significance attached by this court to the testimony offered by the government at the time of the previous hearing before the commissioner.

In the present proceeding, the government presented, in addition to its petition for removal, a certified copy of the indictment and the commissioner's finding in the hearing before him. The government then rested. The testimony as a whole presented before the commissioner was in the hearing before this court offered by counsel for the defendant without objection on the part of the government. This testimony, presented as a part of defendant's case and as his answer to the petition for the warrant of removal, does not point so clearly to the innocence of the defendant as to warrant the finding that no probable cause has been shown.

This court has no intention of obstructing the vigorous enforcement of our criminal laws by permitting defendants to seize upon the straws of legal technicalities to avoid in removal proceedings appearing in the proper jurisdiction to defend upon the facts and law against criminal indictments there returned against them.

The writ of habeas corpus is dismissed, and the petition for warrant of removal is granted.