**KEARNS v. KEVILLE, Marshal.**

No. 2820.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

John B. Lowney, of New Bedford, Mass., for appellant.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., for respondent.

Before WILSON and MORTON, Circuit Judges, and LETTS, District Judge.

WILSON, Circuit Judge.

This is an appeal from an order of the District Court of Massachusetts denying the appellant's petition for a writ of habeas corpus. The grounds set forth in the petition are that the indictment on which he is being held and removal proceedings are based did not sufficiently charge an offense under the federal statute, and there was want of probable cause to believe that he had committed the offense charged.

He now also urges that he had previously been discharged from custody on a writ of habeas corpus, which he says renders the issues raised in the proceedings now taken res adjudicata, though this ground is not set forth in his petition.

The offense charged is a conspiracy to violate section 593 (b) of the Tariff Act of 1930 (19 USCA § 1593 (b), and section 3, title 2, of the National Prohibition Act (27 USCA § 12), to wit: "That it was the purpose and object of said conspiracy and of the said conspirators, and each of them, unlawfully and fraudulently to bring into and to assist in importing and bringing into the United States certain merchandise, to wit: alcohol and other intoxicating liquors containing one-half of one per centum or more of alcohol by volume and fit for use for beverage purposes without a permit for the importation thereof issued by the Commissioner of Internal Revenue of the United States, and to possess, sell and transport said alcohol and other intoxicating liquors, and that the said conspirators in pursuance of said unlawful and felonious conspiracy, combination, confederation and agreement and to effect the object of the same."

The overt acts alleged to constitute the conspiracy are therein set out in detail. We think the offense is sufficiently set forth to apprise the petitioner of the offense with which he is charged.

In a removal proceeding, an indictment duly found by a grand jury and a return of a United States marshal that the respondent is not to be found in the district in which the offense was committed, and the identity of the alleged fugitive with the person named in the

indictment being shown, are sufficient under the practice in the District of Massachusetts for a United States commissioner to find probable cause, unless overcome by the evidence of the respondent. In re Alexander, Fed. Cas. No. 162; Hastings v. Murchie (C. C. A.) 219 F. 83, 87. The petitioner offered no evidence before the commissioner except from one witness who testified that the respondent was not in Maine at the time of the commission of the alleged offense. Three other witnesses, however, identified him as one of the conspirators in Maine, at the time the offense was committed. The commissioner was, we think, justified in finding probable cause. .

The commissioner, therefore, ordered the respondent to give bail for his appearance in Maine, and, upon his failure to furnish bail, ordered him committed into the custody of the United States marshal for the District of Massachusetts.

Before application was made to the District Court by the government for a warrant for his removal to Maine in accordance with section 1014, Rev. St. (18 USCA § 591), the respondent filed a petition for a writ of habeas corpus. It does not appear in the record on what ground the petition was based or the reason for the issuing of the writ, unless, as set forth in the petitioner's brief, the commissioner ordered him into the custody of the marshal for removal to the District of Maine, which was not in accordance with the statute or the practice in such cases; Hastings v. Murchie, supra. By agreement, however, the writ was ordered to issue and the respondent discharged, presumably from the custody of the marshal under the commissioner's order.

At the same time, on the government's application to the District Court for a warrant ordering his removal to Maine, he was ordered to furnish bail for his appearance in Maine, and, failing to give bail, was committed into the custody of the United States marshal to be removed to Maine to answer to the indictment.

The petitioner then filed the pending petition, which we think was properly denied.

We think there is nothing disclosed in the record as to the granting of the first petition for the writ and his discharge on the warrant issued by the commissioner that renders the question of his removal to Maine res adjudicata. The discharge was evidently based on erroneous procedure, was done by agreement, and not on the issues raised in the first or second petition.

The order of the District Court dismissing the petition is affirmed.