## UNITED STATES v. FRANKFELD.
### SAME v. O'DEA.
#### Nos. 15103, 15104.

District Court, D. Massachusetts.
July 17, 1940.

18

Edmund J. Brandon, U. S. Atty., and Jackson J. Holtz, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Sidney Grant, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The following statement may be taken, transcribed and filed with the papers in these cases.

Memorandum of Decision Upon Petitions for Removal and Upon Petitions for Habeas Corpus, July 17, 1940.

### Findings of Fact.

Each of the defendants was indicted in the District Court of the United States for the District of Columbia. The indictments, incorporated herein by reference, charged the defendants with refusal to answer questions before the Dies Committee in violation of U.S.C., Title 2, Section 192, 2 U.S.C.A. § 192. The defendants were arrested here in Massachusetts and brought before the United States Commissioner, who, after hearing the parties, found that probable cause existed against each defendant. He also found that the defendants are the persons named in the indictment and ordered each of them to recognize with sufficient surety for his appearance in the District Court for the District of Columbia, and in default thereof that each defendant should be remanded to the custody of the United States Marshal for removal.

Thereafter, the United States filed here petitions for bail or for removal to the Court where the indictment is pending and the defendants filed petitions for writs of habeas corpus, on all of which hearings were held for a short time yesterday, and which were completed this morning. I have before me findings and orders of the United States Commissioner, which are made a part hereof by reference, and in addition the evidence received by the Commissioner and also evidence adduced at this hearing. About the receipt of additional evidence at this hearing a word of explanation may not be amiss. In view of the statement in Hastings v. Murchie, 1 Cir., 219 F. 83, 88, that if a defendant "is afforded an opportunity to present the evidence" (relating to probable cause) "either before the commissioner or before the District Judge on application for removal, his rights will be fully preserved", I did not confine the hearing to the record made before the Commissioner. This course was adopted not because of any conviction that in the exercise of his discretion the Commissioner erred in excluding evidence offered by the defendants, but because I thought it better, where admissibility was discretionary, to receive a portion of the evidence which he excluded.

As did the United States Commissioner, I excluded what purported to be a transcript of the evidence of the defendants before the Dies Committee because I did not think it had been sufficiently shown to be such a transcript. It has however been marked for identification. If properly proved and admitted in evidence, this transcript would not change the result I have reached.

I am satisfied upon the record coming from the Commissioner and upon all other credible evidence offered at this hearing that the prima facie evidence of probable cause furnished by the indictment preponderates over any evidence to the contrary. By this I do not mean at all that the case has not been argued convincingly on behalf of the defendants. But the question involved in this hearing is not the defendants' guilt or innocence. The only question for my determination at this hearing and upon this record is whether the defendants are the persons named in the indictments and whether, treating the indictments themselves, as I must, as prima facie evidence of probable cause, there is probable cause for their prosecution.

I find that the defendants are the persons named in the indictments, as they themselves concede, and I find, as did the United States Commissioner, that there is probable cause for prosecution. I find also that the petitions for bail or removal should be granted and that the petitions for writs of habeas corpus should be denied.

### Conclusions.

Unless bail is furnished as sought in the petitions filed by the United States, warrants for removal are to issue. Orders are also to be entered dismissing the petitions for writs of habeas corpus.